# Graybill, *et al. v.* Drennen. *et al.*

*Bill to Cancel and Annul Contract of Sale.*

(Decided April 9, 1907. 43 So. Rep. 568.)

1. *Sales; Rescission by Buyer; False Representation.*—Provided the buyer promptly disaffirms on discovery of the fraud and does not thereafter deal with the property acquired as his own, equity will rescind the sale at the buyer's instance on account of the seller's false representation as to material matters not open to inspection, on which the buyer had a right to rely and did rely and was injured.

2. *Cancellation of Instruments; Action; Pleas.*—A plea which alleges that before the purchase of the instrument sought to be cancelled complainant had an examination made by an expert of the property and business of the corporation, and was informed of the condition of the property before entering into the contract of purchase, but which fails to aver that complainant did not act on the representation, or on the result of the investigation, is fatally defective.

3. *Same.*—A plea alleging that immediately after the purchase complainants assumed control of the corporation and managed and operated its mines and business for twelve months before offering to rescind the contract, but which fails to aver that the complainants discovered the fraud, or were negligent in not doing so during the time they were in possession of the property, is fatally defective.

4. *Same.*—A plea that avers that after complainants became the owners of the stock, and were directors of and in control of the corporation, they sold the bonds to certain parties in consideration of certain indebtedness due from the corporation to those parties, and that thereafter complainants purchased the bonds with full knowledge of all the facts concerning their

issuance, but which fails to aver that complainant had knowledge or notice of the condition of the corporation's mines and business, is defective.

5. *Same; Ratification of Sale.*—A plea alleging a ratification of the sale by complainant but not alleging any notice or knowledge on complainant's part of the falsity of the facts complained of in the bill at the time of the alleged ratification is fatally defective.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by D. W. Graybill and others against D. M. Drennen and others to annul a contract for the sale of certain bonds, stocks, etc. From a judgment overruling demurrers to certain pleas, plaintiffs appeal. Reversed and rendered.

The contract is made an exhibit to the bill, and the theory of the bill is that the respondents made false representation to complainants concerning the value, etc., of the property and stock, upon which respondents relied to their injury. There was motion to dismiss the bill for want of equity, and demurrers to the bill. The motion to dismiss was overruled, but the demurrers were sustained, and the bill amended to meet the demurrers, and answer was filed to the bill, which answer contained the following pleas: First and second not necessary to be set out. "(3) Complainants, before the purchase of said property, had an examination and investigation made of the property and business of the Palos Coke & Coal Company, by an expert in such matters, and were informed and advised of the condition and status of said property before entering into the contract for the purchase of the stock and bonds of said company." Fourth not necessary to be set out. "(5) Complainants, after the purchase of the stock and bonds of the Palos Coke & Coal Company, for the cancellation or rescission of the contract of sale of same the bill in this case is filed, had assumed control immediately on, to wit, October 17, 1903, of the said corporation, and managed and operated the mines and business of said corporation. for a period of of time, towit, 12 months, before offering to rescind said contract. (6) After complain-

ants on, to wit, October 17, 1903, became the owners of 1,495 shares of the capital stock of the Palos. Coal & Coke Company, and became and were the directors in charge and control of said corporation, and the complainant Ira P. Rockermel became and was the president of said corporation, and complainant A. S. Seidel became and was secretary and general manager, and after becoming and being the owner of said stock, and being the president and secretary and directors, respectively, as aforesaid, said complainants sold said 90 bonds to Drennen & Co., of which firm respondents are members, the said 90 bonds mentioned in said bill of complaint being in consideration and in payment of certain bona fide existing indebtedness due by said corporation to said Drennen & Co. for goods, wares, and merchandise, and money advanced and furnished said corporation by said Drennen & Co., and upon the further consideration that said Drennen & Co. were to pay all outstanding indebtedness of said corporation, excepting only certain taxes, and the money provided in the deed of trust to be paid as a sinking fund, and that said act on the part of said corporation was deliberated and agreed upon by complainants as stockholedrs, directors, and officers, and after said corporation had thus issued to said Drennen & Co., said 90 bonds, and with full knowledge on the part of complainants of all said facts of the said issue of said bonds, complainants thereafter purchased the said 90 bonds, and said purchase by complainants from respondents of said 90 bonds is the only sale by respondents to complainants of said 90 bonds, or any other bonds, of said corporation. A copy of the minutes of said corporation showing said facts is hereto attached, marked 'Exhibit ———,' and referred to, and made a part hereof. A copy of the conveyance or contract between said corporation and Drennen & Company, whereby said bonds were issued and transferred to said Drennen & Company, is hereto attached, marked 'Exhibit ———,' and referred to and made a part hereof. (7) As a part of the purchase money for the stocks and bonds purchased by complainants, they executed to respondents certain

notes, as provided in the contract and agreement, a copy
of which is attached to the original bill, and after hav-
ing assumed control and management of the affairs of
the Palos Coal & Coke Company, complainants on, to
wit, the ——— day of ———, paid respondents on said
notes the sum of $7,000, the proceeds of the sale of 7
of said bonds, as provided in paragraph 3 of said con-
tract and agreement; and on, to wit, the ——— day of
———, complainants paid to respondents the sum of
$6,000 on said notes, the proceeds of the sale of 6 of
said bonds, as provided in said paragraph 3 of said con-
tracts and agreement; and, to wit, on the ——— day of
———, complainants renewed and secured an extension
of the payment of certain of said notes, and thereby rat-
ified and confirmed the said contract." These pleas,
with others, were set down for hearing, and by the chan-
cellor held sufficient, and from this decree this appeal
is prosecuted.

TOMLINSON & McCULLOUGH, and CYRUS G. DERR, for
appellant.—A fraudulent representation of a material
fact when relied upon and acted upon to the damage of
the party to whom made, furnishes grounds for avoiding
the contract.—5 Mayf. p. 464, sec. 2.

STALLINGS, NESMITH & DRENNEN, for appellee.—The
court properly held the 3rd plea sufficient.—*Crown v.
Carriger.* 66 Ala. 590; *Slaughter v. Gerson,* 13 Wall 369.
If, after representation of a fact, however positive, the
party to whom it is made has recourse to the proper
means for obtaining information and actually learns
the real facts, he cannot claim to have been misled by
the misrepresentation.—*N. O. & A. C. & M. Co. v. Mus-
grove,* 90 Ala. 429; 125 Ala. 482; 72 Ala. 209; 93 Ala.
529; Ib. 549: The 5th plea was properly held sufficient.
—115 Ala. 366; Ib. 418; 90 Ala. 150; Ib. 172; Ib. 441;
87 Ala. 158; 27 Ala. 243; 39 South. 403. One may not
keep the fruits of the contract and afterwards reject the
contract.—*Lockwood v. Fitts,* 90 Ala. 154; *Dill v.
Kemp,* 27 Ala. 243; *Baker v. Maxwell,* 99 Ala. 568.
Where one receives benefits after knowledge of fraud he

cannot rescind the contract on account of fraud.—*Stevenson v. Allison,* 123 Ala. 439.

ANDERSON, J.—This bill was filed to cancel a sale of 90 bonds and 1,495 shares of stock in a certain company made by the respondents to the complainants, upon the ground of false representations made to complainants by respondents which induced them to purchase said bonds and stocks. A court of equity will rescind a contract of sale, at the instance of the purchaser, on account of the vendor's false representations of material facts not open to inspection, upon which the purchaser had the right to rely, did rely, and was thereby injured; but if the representation related to a matter equally open to the inspection or inquiries of both parties, or if the purchaser did not in fact rely on it, but sought and relied on other means of information, or if he negligently failed to use the means or opportunities in his power to ascertain the facts, relief will not be granted.—*New Orleans Co. v. Musgrove,* 90 Ala. 428, 7 South. 747; *Crown v. Carriger,* 66 Ala. 590. Nor will a party be permitted to rescind and cancel a contract, if he fails to promptly disaffirm same after a discovery of the fraud. He cannot deal with the property acquired under the sale as his own after discovering the fraud and afterwards rescind.—*Stephenson v. Allison,* 123 Ala. 439, 26 South. 290; *Mason v. Bovet,* 1 Denio (N. Y.) 69; 43 Am. Dec. 651; *Dill v. Camp,* 22 Ala. 249; *Burnett v. Stanton,* 2 Ala. 181.

The chancellor erred in holding respondents' third plea to be sufficient. It does not answer the bill as to the bonds, nor does it aver that the complainants did not act upon the representations of the respondents, or that they acted upon the result of the investigation.

The fifth plea was insufficient. It does not charge that the complainants discovered the fraud, or that they were negligent in not doing so, during the time they were in the possession of the property.

The sixth plea was bad. It does not charge laches or ratification with notice. It charges the complainants with notice of all facts connected with the issuance of

the bonds, but does not charge notice or knowledge as to the condition of the mine or business. There are misrepresentations averred as to the mine and business, and the plea is not an answer to the bill.

The seventh plea is bad. It charges a ratification of the sale on the part of complainants, but pretermits any notice or knowledge of the falsity of the facts complained of in the bill of complaint at the time of the alleged ratification.

The chancellor erred in holding these pleas sufficient, and the decree is reversed, and one is here rendered holding said pleas insufficient.

Reversed and rendered.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.