# McLeod, *et al. v.* McEachern, *et al.*

*Bill for an Accounting and to Redeem and to Cancel Mortgage.*

(Decided June 9, 1914.    65 South. 790.)

1. *Landlord and Tenant; Possession by Mortgagee Under Lease; Effect; Estoppel.*—Where a mortgagee enters into possession of the mortgaged premises under a lease stipulating that he should refrain from foreclosing the mortgage during the lease, and that in event possession was not delivered to the lessee, it should be optional with him not to be bound by the lease, he may not foreclose the mortgage without first surrendering possession of the leased premises.

2. *Same; Fraud.*—Where a mortgagee entered into possession of the mortgaged premises as tenant under a lease forbidding foreclosure while in possession as lessee, he could not rely on fraud inducing the lease and remain in possession under the lease after discovery of the fraud; to rely on such fraud he must surrender or offer to surrender possession under the lease and repudiate it.

3. *Same; Existence of Relation; Contract.*—Where a tenant entered into possession under a lease stipulating for the payment by the lessor of a certain sum, and the delivery of animals, and treated the provision for the lease of the premises, and that for the payment of money and the delivery of animals as separable, he could not retain possession of the premises and base a right of rescission on the failure to make the payment and deliver the animals.

APPEAL from Barbour Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Carrie L. McEachern and others against C. B. McLeod and others for an accounting and to redeem and cancel mortgages. From a decree for complainants, respondents appeal. Affirmed.

The following is Exhibit A:

Whereas, John C. McLeod is justly indebted to C. B. McLeod in the sum of money as shown by the account hereto attached, which said account shows that the total indebtedness of said John C. McLeod to said C. B. McLeod was and is the sum of $2,000.89, including interest at 8% up to August 4, 1904, and which said account includes the sum of $289.16, which the said John C. McLeod was due to said C. B. McLeod, as the transferee of the F. M. George mortgage, about which litigation is now pending in the chancery court of Barbour county, Alabama, between said John C. McLeod and said C. B. McLeod, the said John C. hereby acknowledging that he is indebted to said C. B. in the sum of $———— on said mortgage with interest at 8% from Sept. 21, 1899, plus attorney's fees of 10% on said principal and interest to date, and which account hereto attached includes the sum of $700, which the said John C. is due the said C. B. as the transferee of the Loan Company of Alabama, and the Land Mortgage Investment & Agency Company of America, Limited, of London, England, about which said mortgage litigation is now pending in the chancery court of Henry county, Alabama, between said John C. and said C. B. McLeod, the said John C. hereby acknowledging that he is indebted to said C. B. in said sum on said mortgage with interest at 8% from Sept. 6, 1899, plus attorney's fees, of 10% on said principal and interest to date; and whereas, we are desirous of settling all indebtedness with interest accrued and hereafter to accrue, and we are desirous of settling said mortgage with interest accrued and to accrue, and the attorney's fees herein specified; and whereas, we are desirous of effecting a settlement and dismissal of said litigation: Therefore be it known to all men that we, John C. McLeod and

Sarah J. McLeod, his wife, and J. C. McLeod, Jr., and J. D. McLeod, his sons, and Carrie L. McEachern, his daughter, and Adolphus, her husband, hereby rent, lease and farm let unto the said C. B. McLeod the following described real estate for such a period of years until the rent therefrom shall pay off and fully discharge the total indebtedness herein stipulated, towit: [Here follows a description of the land leased.] Said C. B. McLeod is to pay annually as rent for the first of the above named places, ten bales of cotton weighing 500 pounds, and is to pay for the second place named four bales of cotton as rent, weighing 500 pounds, class middling, and the value to be taken on Oct. 15 of each year of this lease, and said C. B. is to apply the total of such rents each year to the payment pro tanto of the debts hereinbefore mentioned, and when they and each of them are fully paid up from said rent, then this lease shall cease and terminate, and the said C. B. shall redeliver the possession of the premises. In the event the said John C. shall pay up and discharge the same indebtedness hereinbefore stipulated before the rents of said premises pay off and discharge the same, then this lease is to cease and terminate. The said John C. is to, immediately after the execution of this lease by the parties hereto, dismiss his suits in the chancery courts of Henry and Barbour counties against the said C. B. McLeod, and the mortgages of which said C. B. is the transferee are to remain valid and intact as they now are until the amount due thereunder as hereinbefore acknowledged are fully paid off and discharged, but the said C. B. is to refrain from foreclosing said mortgage so long as the terms of this lease are faithfully kept by the said John C. and the other parties joining. It is set out in the lease that McGhee has a lease on the Barbour county place to expire Jan. 1, 1908, and it is agreed that said

C. B. shall collect and have the rents from said place for the years 1906-07, to be applied as herein agreed, and all the papers and the leases of said McGhee to be turned over and to said C. B. McLeod. The lease reserves rents for the present year, and it is agreed that the lease shall begin Jan. 1, 1906, and to continue until all the debts are settled, as they herein provide. It is further stipulated that possession is to be delivered of all the land except that rented by McGhee and the leases to that are to be turned over to said C. B. McLeod. [Here follow stipulations and agreements as to the leasing of certain mules, wagons and harness at an agreed annual rental.] As a part of the agreement John C. McLeod is to pay to C. B. McLeod $100 on Sept. 26, 1905, which is to be applied on the indebtedness herein mentioned. It is further agreed that C. B. McLeod is to pay the taxes out of the rent and to make necessary repairs out of the rent which are to be deducted from the rent each year, and the balance applied to the indebtedness. It is further agreed that, if possession is not delivered of the premises and property herein mentioned to said C. B. McLeod, he is not to be bound by the provisions thereof.

The bill alleges a complete compliance on the part of the lessors and the failure of the lessee to properly apply and give credit on the the debt of the rents as agreed. It is further alleged that the debt was due by John C. McLeod, and that complainants were in no way liable; that John C. McLeod had no title to the property, but joined in the lease with his wife, Sarah McLeod, for the purpose of passing the interest of the wife in said premises during the lease; that R. A. McEachern had no interest in said lands, but joined for the purpose of passing the interest of his wife; that S. J. McLeod and J. C. McLeod, Sr., refused to join as parties complainant, and are therefore made respondents. Then follows the prayer for an accounting, discovery, etc.

H. L. MARTIN, for appellant. Parties must make their own contract, and cannot demand a compliance when they do not comply.—*Sims v. Alabama B. Co.*, 132 Ala. 311. The contract gave the lessee the right to rescind and elect whether he would be bound by the lease, and an election made by either party is irrevocable.—*Collins v. Whigham*, 58 Ala. 438. There was fraud authorizing a rescission.—*Baker v. Maxwell*, 98 Ala. 558. Where the contract is executory and it appears that one party does not intend to perform it, the law permits the other party to put an end to it.—*Drake v. Goree*, 22 Ala. 409; *Aarnes v. Windham*, 137 Ala. 513; *Hieronymous v. Bienville Co.*, 131 Ala. 454. A contract may be rescinded by words or by acts of either party which prevents performance.—128 Ala. 233.

A. H. MERRILL & SONS, for appellee. The deeds were forged.—*Farris v. Houston*, 74 Ala. 162; *Davis v. Williams*, 130 Ala. 530; § 3374, Code 1907, as amended by General Acts, 1909. No misrepresentations were made. —*Martin, et al. v. Brown, et al.*, 74 Ala. 442; *Duncan v. Guy*, 159 Ala. 524, and authorities supra. In addition to going into possession under the lease through his agent, McLeod himself, and in person, did in fact, and in law, go into possession of said land under the lease.—*Webster v. Singley*, 53 Ala. 205; s. c. 51 Ala. 335; *Philadelphia v. Anniston*, 106 Ala. 357; *Boyd v. Jones*, 96 Ala. 305; *Taylor v. Cockrell*, 80 Ala. 236; *Sanders v. Knowles*, 57 Ala. 80; *Blankenship v. Blackwell*, 124 Ala. 355. The contract was severable and McLeod so treated it, and could not base rescissions on a part performance after accepting the lease.—*Sims v. Ala. B. Co.*, 132 Ala. 311; *Ryall v. Prince*, 82 Ala. 264; *H. T. & D. Works v. Moore, et al.*, 147 Ala. 581; *Johnson v. Allen*, 78 Ala. 387. It follows from these

authorities, that having accepted the lease McLeod could not foreclose his mortgage without surrendering possession of the leased premises to the lessor.

ANDERSON, C. J.—While the respondent C. B. McLeod was the holder and owner of certain mortgages on the land in question, and which were past due, he entered into a lease contract with the complainants, under the terms therein set forth, and which said contract is "Exhibit A" to the original bill, and which will be set out by the reporter. Under the terms of said lease the said C. B. McLeod was to refrain from foreclosing said mortgages during the existence of same. The lease also provided that in the event that the possession of the several premises is not delivered as hereinbefore stipulated, it shall be optional with the said C. B. McLeod not to be bound by the said lease. In the event he decides not to be bound thereby, he shall notify John C. McLeod, and may proceed with the foreclosure of his said mortgages. The lands were delivered as agreed to in the lease, and C. B. McLeod went into possession of same under said lease, as a tenant of the lessors, and was so in possession of the lands when he foreclosed his respective mortgages. Counsel for the appellant C. B. McLeod practically admits, in brief, that J. C. McLeod, Sr., was the rental agent of said C. B. McLeod, and there is an abundance of proof in the record going to show that said C. B. McLeod was in the possession of the land under the lease, collecting and claiming the rents and exercising control of and dominion over the places leased to him. Having entered into the possession of the lands as the tenant of the lessors, and being so in possession when he foreclosed his mortgages, his action in doing so was in violation of the instrument under which he entered, and he had no right to repu-

diate the lease and to assert a superior title to his landlords without first surrendering the possession of the land.—*Davis v. Williams,* 130 Ala. 531, 30 South. 488, 54 L. R. A. 749, 89 Am. St. Rep. 55.

The respondent has set up fraud and misrepresentation, as to the condition of the land, which induced him to enter into said lease, but, even if this were true, he should have restored the status quo, in order to claim a rescission of the lease contract. He could not remain in the possession of the lands under the lease contract after discovering the fraud, and repudiate the said contract. It is well settled by the decisions of this court that, when a person acquires a thing and was induced by the fraud of the owner to purchase or lease same, he has the right to rescind by acting seasonably; that is, by restoring or offering to restore the thing purchased or leased, unless the thing was valueless, or if he failed to do this, to abate the price agreed to be paid.—*Fuller v. Chenault,* 157 Ala. 46, 47 South. 197; *Eagan v. Johnson,* 82 Ala. 233, 2 South. 302. He cannot deal with the property as his own under the contract after discovering the fraud and afterwards rescind.—*Graybill v. Drennen, et al.,* 150 Ala. 227, 43, South. 568. "He cannot hold on to such part of the contract as may be desirable on his part and avoid the residue, but must rescind in toto, if at all."—*Stephenson v. Allison, et al.,* 123 Ala. 439, 26 South. 290.

Nor did the failure of the lessors to pay the $100 or of J. C. McLeod, Sr., to deliver the mules agreed upon authorize a rescission of the lease by C. B. McLeod, for the reason that, whether these matters were or were not originally intended as inseparable from the lease of the lands, the said C. B. McLeod treated them as separable by entering into and holding the land after the claimed failure to pay the money and deliver the stock, and did

not decline to do so because of these defaults. If he considered these items as not separable, then he should not have taken the lands under the lease, or should have restored them if he regarded said defaults as giving him the right to reject or rescind the lease. He had no right to enter upon the lands and retain them after said defaults, and then assign them as giving him a right to rescind, and at the same time holding to the possession of the land which he had acquired under the lease that he violated when he foreclosed his said mortgages.

The chancery court did not err in holding that the complainants were entitled to an accounting between the parties and to have the mortgages canceled upon payment of any sum found to be due thereon. Nor was there error in holding that said complainants were not cut off from an accounting and cancellation by virtue of the attempted foreclosure sale by the respondent C. B. McLeod, and the decree of said court is affirmed.

Affirmed.

MCCLELLAN, SAYRE, and DE GRAFFENRIED, JJ., concur.