## No. 9972.

### H. & B. BEER ET AL. VS. DAVID HAAS ET ALS.

Property adjudicated at a sheriff's sale for taxes to a mortgage creditor, and subsequently retroceded with the formal agreement that matters will stand in the condition in which they were previous to the adjudication, can be proceeded against *via executiva* by the creditor to foreclose the mortgage, as though the tax sale and retrocession had never taken place.

Such creditor has the right to surrender possession of the property given him to extinguish the debt, by application of the fruits, and to have the property seized and sold to pay his claim, when he has not expressly abandoned that right or bound himself to retain possession.

A PPEAL from the Civil District Court for the Parish of Orleans.
Voorhies, J.

*H. C. Miller* for Plaintiff and Appellant; *G. A. Breaux* and *H. C. Miller* for Citizens' Bank, Intervenor and Appellant:

The renunciation by the creditor of the legal remedies to compel payment of his debt is not presumed, and never implied unless the implication is clearly evident.

The antichresis gives to the creditor the right to reap the revenues of the property of the debtor, for the payment of the debt, but the creditor, unless he has renounced the right, can always surrender the property and exercise his rights as a creditor; so in this case, if the act between the widow and heirs is deemed an antichresis, the bank had the right to give up the property and exercise its right of seizure and of sale. Civil Code, Art. 3176, 3178.

*C. E. Schmidt* for Defendant and Appellee; *White & Saunders* and *F. C. Zacharie* for Heirs of Zacharie, Appellees:

Acts of antichresis are to be interpreted by the courts most liberally in favor of the debtor, who will protect him from the rapacity of his creditor. 11 Peters, 390; 19 Howard, 589. This is the rule of the common law in regard to the contract of *vivum vadium*, or Welsh mortgage, which corresponds to the antechresis of the civil law. Bouvier's Law Dict. verba *Vivum Vadium* and Welsh Mortgage; 1 Powell on Mortgages, 4; 373 Ann. 1079; 2 Powell, 1079; Merlin Question du droit "Faculté dó Rachat."

The creditor who has received the immovable of his debtor in antichresis, may, at any time, abandon the pledge, and resort to the remedy on his debt, unless he has renounced the right of abandonment. R. C. C. 3178. The renunciation of this right may be express or tacit, and the latter may be gathered from the intention of the parties as shown by the whole act. Laurent XXVIII and notes. p. 539, and other authorities there cited ; Zacharie (Aubry and Rau's Edit.) tom 3. p. 525

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a suit to compel an adjudicatee to comply with his bid on certain real estate.

The defence is that the title tendered is not such as the defendant is bound to accept.

The appeal is taken by the plaintiffs from a judgment against them.

The material facts from which the litigation arises, are the following:

The Citizens' Bank was a creditor of J. W. Zacharie for a large amount, secured by mortgage on valuable property in this city.

After the death of Zacharie, the property involved in this controversy and other property was offered for sale by the sheriff, under an execution, for the payment of back taxes.

At that sale, which occurred in 1874, the bank became the adjudicatee.

In June, 1875, the widow and heirs of Zacharie and the bank executed an act whereby the claim of the bank was liquidated and the

property retroceded, possession being retained by the bank with a view to the extinguishment of the debt by application thereto of the rents and revenues.

It was stipulated, *ex industria*, that the object of the agreement was to place matters in the condition in which they stood before the sheriff's sale for taxes; but that the widow and heirs of Zacharie would, under no circumstance, be liable for the debt due the bank.

In the course of time, finding that her condition had not improved, and that it was her interest to foreclose her mortgage, the bank, in 1876, instituted proceedings to that end, against Widow J. W. Zacharie executrix and possessor.

Under the writ issued, the property was seized, advertised, and in August, 1876, adjudicated for $54,000 to the bank, who retained the amount of adjudication, which was inferior to her claim, and she paid the costs and charges.

In 1881 the bank sold to the plaintiff part of the property thus adjudicated, and in May, 1884, the plaintiff caused it to be offered at public auction, when it was adjudicated to the defendant for $20,000.

The validity of the title tendered having been questioned by the defendant, who declined to comply, the bank intervened, joining the plaintiffs, to affirm the title made them by her. On the other hand, the widow and heirs of Zacharie, brought in by the plaintiffs and by the bank, make common cause with the defendant.

The only question to be determined is simply :

Whether or not the title resided in the succession of J. W. Zacharie at the foreclosure of the mortgage.

The argument cannot be successfully urged that the bank cannot hold the affirmative, as she has undertaken to reconvey to the widow and heirs of Zacharie, the property adjudicated to her at the sheriff's sale for taxes, and as by the retrocession, the title passed from her to them, and was at the date of the proceedings, in them and not in the Succession of Zacharie.

The object of the act, to which allusion has already been made, was to adjust with the widow and heirs, the claim of the bank, to avoid the tax sale formally, and, as said, to place matters and persons in the condition in which they stood before the sheriff's tax sale.

The retrocession was designed for no other purpose than to show an express relinquishment of any title by the bank to the property in favor of the succession, represented them by the widow and heirs, who, at Zacharie's death, had become the joint owners of the property left by him and who had undertaken to champion its rights.

What title they acquired by the Act of 1875 was merely that which they held at Zacharie's death in 1870.

At that time the bank could well have issued executory proceedings against the succession of Zacharie (Bank vs. Buisson, 7 R. 506), and as the title was in it at the date of the seizure and sale, to foreclose, it is apparent that the bank had a right to proceed against the succession represented by the executrix. Indeed, she had no other alternative. R. C. C. 3181.

In such a case, it was unnecessary to make any other parties.

The objection that, by the agreement of 1875, a contract of antichresis was entered into, and that the bank had no right to surrender the property which formed the object of it, has no foundation.

The bank had a right to relinquish or abandon possession at any time, as she had not bound herself to retain it. R. C. C. 3178.

Viewing the agreement otherwise than as an antichresis, we do not find in its tenor, any obligation assumed by the bank to retain possession, until the debt be finally paid. Had such been the intention of the parties, they surely would have unequivocally expressed it.

The bank, besides, had hypothecary rights on the property, the exercise of which had not been, in any manner, suspended or affected by the agreement in question.

We, therefore, conclude that the title offered is such as the purchaser was bound to accept.

It is, therefore, ordered and decreed that the judgment appealed from be reversed, and that there be now judgment in favor of the plaintiffs and the Citizens' Bank, intervenor, rejecting the claim of the widow and heirs of J. W. Zacharie, declaring that the property described in the petition belongs to the defendant, David Haas, and condemning him to pay to the plaintiff the price of adjudication: Twenty thousand dollars ($20,000) and interest, with vendor's lien and privilege and special mortgage on the property and according to the terms and conditions of the adjudications, as specified in said petition, and that the widow and heirs of Zacharie and the defendant, Haas, pay costs in both courts.

Rehearing refused.