GARWOOD H. ATTWOOD, APPELLEE, V. GEORGE M. WARNER
ET AL.; JENKINS LAND & LIVE STOCK COMPANY, INTER-
VENER, APPELLANT.

FILED NOVEMBER 13, 1912. No. 16,851.

1. **Mortgages: POSSESSION BY MORTGAGEE: LIABILITY FOR RENT.** Where
a mortgagee, without an agreement therefor, takes possession of
the mortgaged premises before confirmation of a valid judicial
sale, he thereby becomes liable to the mortgagor or his grantees
for the amount of rents and profits which he receives, or which
the land would have produced if prudently managed while he re-
tains possession thereof.

2. ———: CONVEYANCE BY MORTGAGOR: RIGHTS OF GRANTEE. A sale and
conveyance by the mortgagor or owner of the equity of redemp-
tion to a *bona fide* purchaser without any reservation vests such
purchaser with the right to the rents and profits, which he may
have applied upon the mortgage debt.

3. **Appeal: REMAND FOR JUDGMENT.** Where, upon consideration of the
evidence, it is found that the trial court failed to credit the proper
amounts of rents and profits upon the mortgage debt, the supreme
court will determine such amount, and remand the cause to the
district court, with directions to modify the decree accordingly.

APPEAL from the district court for Dundy county:
ROBERT C. ORR, JUDGE. *Affirmed in part and reversed in
part.*

*W. S. Morlan, Charles T. Jenkins* and *Charles A. Rob-
bins,* for appellant.

*Meeker & Hines* and *C. E. Eldred, contra.*

BARNES, J.

This action, when it was commenced in the district court
for Dundy county, was a suit in chancery for the fore-
closure of a mortgage upon 474 acres of land situated in
that county and known as the Warner ranch. The mort-
gage was executed by the Warners, who were the owners
of the land, to the Western Farm Mortgage Trust Com-

pany, for the sum of $2,500. It was sold and assigned by
that company to one Garwood H. Attwood, who was the
plaintiff in the foreclosure suit, and in which the mort-
gagors and others were the defendants. On the 9th day
of April, 1894, the plaintiff obtained a decree of fore-
closure as prayed. Thereafter there was a sale of the
mortgaged premises, while there was on file a request for
a stay, as provided by law. On an appeal by the Jenkins
Land & Live Stock Company, which had become the owner
of the equity of redemption, from an order of confirmation,
the sale was set aside. *Jenkins Land & Live Stock Co. v.
Attwood,* 80 Neb. 806. Meanwhile Attwood, by his agent,
went into possession of the premises, and collected the
rents and profits thereof from the date of the decree to
the 27th day of April, 1908, when the Jenkins Land & Live
Stock Company filed its petition for intervention in the
original foreclosure suit, praying for an accounting of the
rents and profits, and an application thereof to the satis-
faction of the decree of foreclosure. To this petition
Attwood filed an answer, and upon a trial of the issues
joined the district court found that at the time of the trial
there was due Attwood, on his original mortgage decree,
the sum of $6,474.12; that the rents and profits, while he
had been in possession of the premises as mortgagee,
amounted to the sum of $2,474, which should be applied in
part satisfaction of the mortgage debt; that the balance
due on the decree of foreclosure, after deducting the rents
and profits, was $3,999.12, and from a judgment rendered
upon such findings the Jenkins Land & Live Stock Com-
pany has prosecuted this appeal.

1. It is contended by the appellant that the district
court erred in his finding as to the amount of rents and
profits which should have been credited on the foreclosure
decree, and he insists that Attwood should be charged with
such an amount of rent as the land ought to or would
have produced, if prudently managed; while, on the other
hand, Attwood contends that he is only liable for the
amount of rent actually obtained by him while he was in

possession of the premises. This court is committed to
the rule for which the appellant contends. In *White v.
Atlas Lumber Co.*, 49 Neb. 82, it was held that a mortgagee
in possession is liable for the net rents and profits which
he has received or which he might have received by the
exercise of reasonable care. This rule was followed in
*Hatch v. Falconer*, 67 Neb. 249, and is supported by
*Huston v. Stringham*, 21 Ia. 36. It appears that this rule
was adopted by the trial court, and his conclusion on this
point should be affirmed.

2. It appears that one Alma E. Jewett, who was the
owner of the equity of redemption, together with her
husband, conveyed the land in question to the appellant,
the Jenkins Land & Live Stock Company, by quitclaim
deed, which contains the following provision: "By these
presents do, for themselves, their heirs, executors, and
administrators, remise, release, and forever quitclaim unto
the said party of the second part, and to its heirs and
assigns forever, all their right, title, interest, estate, claim
and demand, both at law and in equity, of, in, and to
all the southwest quarter (describing the mortgaged
premises), together with all and singular the heredita-
ments and appurtenances thereunto belonging. To have
and to hold the above described premises unto the said
Jenkins Land & Live Stock Company, its heirs and assigns,
so that neither we, the said Alma E. Jewett and Ed.
Jewett, nor any person in our name and behalf, shall or
will hereafter claim or demand any right or title to said
premises or any part thereof, but they and every of them
shall by these presents be excluded and forever barred."
That afterwards Attwood, through the intervention of one
Wilhelm, obtained from the Jewetts a purported assign-
ment of the rents and profits in question; and it is argued
that, by reason of that fact, the appellant is not entitled
to have them applied on the foreclosure decree. We are
of opinion, however, that by the quitclaim deed above men-
tioned the appellant obtained the right to the rents and
profits, and that thereafter, when the Jewetts attempted

to assign them to Attwood, they had no interest therein. Such was the finding of the district court upon that question, and it should be affirmed.

3. It follows that the only question which remains for our determination is the one relating to the value of the rents and profits to be applied upon the mortgage debt. Upon this question the evidence is widely conflicting. Some testimony was produced by the appellant tending to show that the reasonable rental value of the premises was from $300 to $500 a year. But this, in view of the existing conditions, is in our judgment quite excessive. On the other hand, some evidence was introduced by the appellee fixing the rental value at from $75 to $125 a year. As we view the evidence, this is much less than the true rental value; and, after carefully considering all of the testimony, we find that by reasonably prudent management the ranch of 474 acres, covered by the mortgage, could have been rented for $200 a year for the 11 years of Attwood's possession. This, with interest properly computed, amounts to $2,872, which should have been applied in part satisfaction of the amount due Attwood on the foreclosure decree, and upon this question the judgment of the district court is reversed, but in all other things the decree appealed from is affirmed. The cause is therefore remanded to the district court for Dundy county, with directions to enter a decree in conformity with this opinion.

JUDGMENT ACCORDINGLY.