OLIVE B. HAYS, APPELLEE, V. CARRIE S. CHRISTIANSEN ET .AL., APPELLANTS.

FILED JANUARY 19, 1921. No. 21157.

1. **Mortgages: MORTGAGEE IN POSSESSION: ACCOUNTING.** Where, before foreclosure, a mortgagee takes possession of the mortgaged premises, under an agreement with the mortgagor that he will manage the same and apply the net rents and profits toward the payment of the mortgaged debt, he must account, not only for the rents and profits he actually receives, but for such as, with diligence, he could have received. Evidence examined, and *held* not to show that the mortgagee, with diligence, could have received more than he actually received.

2. ———: ———: IMPROVEMENTS. While, as a general rule, a mortgagee in possession of the mortgaged premises with the consent of the mortgagor cannot recover for permanent improvements made by him thereon, yet, if the improvement was absolutely necessary for the preservation and management of the property and was made in good faith, the mere fact that it was permanent in character will not deprive the mortgagee of the right to credit therefor in an accounting between them.

Hays v. Christiansen.

3. **Appeal:** ACCOUNTING: ADMISSION OF EVIDENCE. In a suit for an accounting, plaintiff produced a witness having personal knowledge of the facts, who testified to various items of the receipt and disbursement of trust funds and identified canceled checks drawn by her showing the items of disbursement, verifying each. *Held,* that the admission in evidence of receipts signed by the persons to whom such payments were made was not prejudicial, there being sufficient competent evidence, if believed, to establish plaintiff's account.

4. **Mortgages:** MORTGAGEE IN POSSESSION: APPOINTMENT OF RECEIVER. A mortgagee, who takes possession of the mortgaged premises under an agreement with the mortgagor to manage the same and apply the net rents and profits toward the payment of the mortgage debt, cannot renounce the trust thus voluntarily assumed and successfully apply for the appointment of a receiver to do what was his duty and within his power to do. *Held,* that the court erred in appointing a receiver.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed in part, and reversed in part, with directions.*

*C. C. Flansburg,* for appellants.

*W. S. McCoy, Fred C. Foster* and *O. K. Perrin, contra.*

CAIN, C.

On April 1, 1915, one W. A. McLaughlin was the owner and in possession of lots C, D, E, and F, in Bigelow's subdivison of lots 11 and 12, block 27, in the city of Lincoln, together with the four-story brick hotel, with about 90 rooms, thereon, which is sometimes known as the Woman's Building, or the Grand Hotel. On that date McLaughlin executed to the Lincoln Safe Deposit Company a mortgage on this property to secure 19 promissory notes of $1,000 each, falling due at intervals of six months thereafter, and bearing interest at 10 per cent. after maturity, and another principal note of $16,000 payable April 1, 1925, aggregating an indebtedness of $35,000. After making this mortgage McLaughlin sold the premises to Carrie S. Christiansen, wife of Neils Christiansen, and they are defendants. The Lincoln Safe Deposit Company sold these notes

and assigned the mortgage to Olive B. Hays, the plaintiff in this suit. Default was made in the payment of the first mortgage notes maturing October 1, 1915, and April 1, 1916. On August 18, 1916, plaintiff brought suit to foreclose. No answer was filed, but by agreement of the parties possession of the premises was taken over, almost immediately after the filing of the petition for foreclosure, by the Lincoln Trust Company as agent for plaintiff. On September 24, 1917, decree of foreclosure was entered finding amount due plaintiff to be $39,806.81. On June 25, 1918, an order of sale was issued and the premises sold to the plaintiff for the sum of $40,000. Defendants objected to the confirmation of the sale and demanded an accounting. The plaintiff, through her agent, the Lincoln Trust Company, made an accounting of the rents and profits derived from the building during her occupancy as mortgagee in possession, and on May 10, 1919, the trial court found the amount due plaintiff to be $44,593.24. This appeal is taken by the defendants from the order of the district court confirming the sale under foreclosure and approving the account of the plaintiff, and also from the order of the district court appointing the Lincoln Trust Company as receiver to take possession of the property pending appeal. Appellants' assignments of error are: (a) That the court erred in considering the account rendered by plaintiff in the operation of the building and in not requiring plaintiff to credit on the indebtedness the reasonable rental value of the premises, claiming that the amount found due plaintiff on the date of the last decree should have been only $31,903.30. (b) That, though the account was immaterial, yet, if considered, then permanent improvements and cost of collection of rents could not be allowed. (c) That the court erred in appointing a receiver after the confirmation of the sale, for the reason that the mortgagee was already in possession of the mortgaged premises by consent of the mortgagor.

A large amount of evidence was taken in the court below and the bill of exceptions consists of two large volumes.

By appellants' assignments of error, however, the field of inquiry is very much limited.  A great deal of testimony was taken upon the question of the character of the possession of the premises after the foreclosure suit was commenced, but we think it establishes that the plaintiff mortgagee, through her agent, the Lincoln Trust Company, was in possession of the property under an agreement to manage the same and to account for the rents and profits and apply them toward extinguishment of the mortgage debt. There is no dispute on this point, though the plaintiff claims that the agreement was that the building should be operated as it had been for years, as a woman's dormitory, while the defendants denied that this was a part of the agreement.  For reasons that will appear later on, we do not think this difference material.

In support of appellants' first assignment of error, they contend that a mortgagee in possession of productive real property before foreclosure must account, not only for what rents and profits of the property he actually receives, but also with what he could with reasonable diligence have received.  This is no doubt the rule in this state.  *Comstock v. Michael,* 17 Neb. 288; *Kemp v. Small,* 32 Neb. 318; *White v. Atlas Lumber Co.,* 49 Neb. 82; *Hatch v. Falconer,* 67 Neb. 249; *Attwood v. Warner,* 92 Neb. 370.  While the earlier cases above cited hold that the mortgagee in possession must account for net rents and profits received by him, yet the later ones, especially *Attwood v. Warner, supra,* fully sustain appellants' contention.  But when we apply this rule to the facts in this case we encounter difficulty, for there is no evidence of what the reasonable rental value of the premises was during the occupancy of the mortgagee, unless it be inferred from what appellants contend were two offers by third parties to rent the building, and an offer to rent the lower floor as a bakery, which were brought to the attention of plaintiff's agent.  We will now consider these offers.  The first came from a man named Poore, who was conducting a rooming house on R street, and worked at the Central National Bank.  He offered to

pay $310 a month for the building, except the dining room and kitchen and the northeast room on the first floor. But the record shows that Mr. Poore's offer was conditional upon his getting the building for at least three years; he wanted five years. This is the testimony of defendant Neils Christiansen. Mr. W. E. Barkley, of the Lincoln-Trust Company, claimed that Poore was not financially responsible, and there is no substantial evidence to establish or disprove the claim, and on this important point we are left in doubt. In addition to the suggestion of his lack of financial responsibility, it will be observed that his offer was conditional on securing a lease for at least three years, which under the circumstances was probably sufficient to justify its rejection. The next offer came from Christian Rocke, who had operated the Woman's Building for several years, had bought it from plaintiff after the confirmation of the foreclosure sale, and was admittedly responsible for his financial undertakings. His offer was that he would pay $300 a month for the building if it was put in repair, and he testified that it was in very poor repair. Other evidence is that the building is over 30 years old and needs repairs. From all the evidence on this subject, we have reached the conclusion that the condition of Mr. Rocke's offer that the building be put in repair might have involved such an extensive outlay as to very largely consume the rent that would have been received from him. It was testified that there was another offer by Mr. Seely to rent the west room on the lower floor for a bakery for $150 a month for a term of five years, but the evidence of Mr. Barkley was that he feared the running of a bakery would interfere with the occupancy of the building as a dormitory. This offer, too, was conditioned on a lease for a term of five years, which under the circumstances would have been, in our opinion, a sufficient reason for its rejection. On the whole record, we have reached the conclusion that the evidence would not warrant a finding that the plaintiff could, by due diligence, have secured greater rental than she did.

Miss Elizabeth Irwin was put in sole charge of the building, and hired all the help, made all the purchases, and paid all bills. She had charge of the elevator and telephone service, general supervision of the building, looked after the roomers there and collected the room rents, and was paid a salary of about $75 a month. Appellants contend, citing many authorities, that plaintiff was not entitled to an allowance for services in the collection of rents. As pointed out, Miss Irwin's services included a great deal more than the mere collection of the rents, and it cannot justly be said that the salary she received was for the collection of rents, which was only a small part of her general duties in the management of the business. In the case of *White v. Atlas Lumber Co.*, *supra*, this court approved an allowance of a commission of 10 per cent. for the collection of rents by a mortgagee in possession. We accordingly must find that there was no error in the payment of the salary to Miss Irwin. In fact, the character of the mortgaged premises was such as to absolutely require some one to superintend the running of the building.

Appellants further claim that a mortgagee in possession cannot recover for permanent improvements made without the consent of the mortgagor, and this is undoubtedly the general rule. Where, however, an improvement is absolutely necessary to the preservation of the mortgaged premises, the fact that it is a permanent one does not necessarily deprive the mortgagee in possession of the right to be allowed a credit therefor. 2 Jones, Mortgages (7th ed.) sec. 1129. The appellants' complaint on this score is with reference to the purchase and installation by the mortgagee of a boiler to operate the heating plant of the Woman's Building, together with another building adjoining which the owner was obliged to heat. The evidence shows that the boiler was over 30 years old, and that it was in very bad repair; that $200 or $300 had been spent in a vain effort to repair it; that on account of the defects in the boiler it was costing an excessive amount to buy coal with which to heat the building; that several

experts had examined it and were of the opinion that it was useless to attempt to repair it. The evidence further shows that this situation was discussed between Mr. Barkley of the trust company and the defendant Neils Christainsen. And the evidence of Mr. Barkley is that Mr. Christiansen acquiesced in the purchase of a new boiler; and, while Christiansen denies this, he admitted he was made aware of the necessity of it. The record seems to show that the new boiler cost about $1,700, but we cannot say that the plaintiff's agent in possession did not act prudently in its purchase. Under this state of the record, we cannot think the defendants were prejudiced by the allowance of this item, even though Mr. Christiansen denied that he expressly authorized it. Mr. Barkley testified that he did so authorize, and, while Mr. Barkley's evidence is somewhat inconsistent, the fact remains that the necessity for the new boiler undoubtedly existed, and we think the improvement was made in good faith. 27 Cyc. 1266.

Many receipts of third persons were admitted in evidence over defendants' objections, and this, too, was assigned as error, citing *Ellison v. Albright,* 41 Neb. 93, holding that such receipts are incompetent evidence of the payments thereby acknowledged. We do not doubt the soundness of the rule of evidence contended for, but an examination of the record convinces us that there was other competent evidence of the expenditures by the plaintiff's agent, and that the receipts introduced were merely incidental in the making of the proof. Plaintiff undertook to account for all the rents and profits earned by the building while she was in possession, through her agent, the Lincoln Trust Company, of which Mr. Barkley was an officer. In the course of this accounting plaintiff produced Miss Irwin as a witness, and her deposition was taken with reference to all the receipts and expenditures, of which she disclosed a very exact knowledge, as they were made under her personal supervision. In the course of her testimony she verified all these items. She produced the canceled checks she had given in payment of the

different items and the receipts by the different persons to whom payments were made. Her deposition was very comprehensive, and we think that her testimony is sufficient competent evidence to sustain plaintiff's account, even without the receipts.

Finally, appellants complain of the appointment of a receiver after the confirmation of the sale and pending appeal. Their argument is that, inasmuch as the plaintiff mortgagee was already in possession of the mortgaged premises with full control over the rents and profits, the appointment of a receiver was an unnecessary and unjustifiable burden upon the appellants, and that, when the mortgagee once takes possession of mortgaged premises for the purpose of collecting the rents and profits and accounting to the mortgagor therefor, he cannot at will surrender a trust he has thus voluntarily assumed—citing in support of his contention the case of *Prytherch v. Williams,* 42 L. R. Ch. Div. (Eng.) 590, while the appellee cites the case of *Beer v. Haas,* 40 La. Ann. 413, to the contrary. The Louisiana case is based on a local statute. The evidence on behalf of plaintiff shows that plaintiff was to be let into possession of the mortgaged premises "in lieu of a receiver." Our statute contemplates a receiver after judgment only to carry the same into effect or to preserve the property during pendency of the appeal. Rev. St. 1913, sec. 7810. Plaintiff was in possession and control of the premises at the time of the confirmation of the sale. There was no danger of any diminution in its value through lack of a receiver, and we think the appointment unnecessary. In our judgment there was no occasion for changing the name of plaintiff's possession from that of mortgagee in possession to that of receiver and thereby adding to the expense to be borne by the mortgagor.

Upon the whole record, we think the decree of the lower court confirming the sale and approving the account of the plaintiff mortgagee was correct, and that the order appointing a receiver was erroneous. We therefore recom-

mend that the judgment of the district court confirming the sale and approving the account of the plaintiff be affirmed, and that the court's further order appointing a receiver be reversed, and with instructions not to allow any fees or costs for the receivership.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court confirming the sale and approving the account of plaintiff is affirmed, and its order appointing a receiver is reversed, with instructions to allow no costs for the receivership, and this opinion is adopted by and made the opinion of the court.

JUDGMENT ACCORDINGLY.