## PIONEER BUILDING & LOAN ASS'N v. COWAN.

### No. 2054.

Court of Civil Appeals of Texas. Waco.

Dec. 15, 1938.

Rehearing Denied Jan. 19, 1939.

Street & Street, of Waco, for appellant.
W. V. Dunnam, of Waco, for appellee.

GEORGE, Justice.

This suit was instituted by Effie Cowan, mortgagor, against Pioneer Building & Loan Association, mortgagee in possession of the mortgaged property, and E. C. Street, trustee in deed of trust, seeking an injunction forever restraining sale or offering for sale of property under power in deed of trust, on the grounds (1) that the deed of trust was void because it was the homestead of Miss Cowan at all times in question and the notary was disqualified; (2) that the note was without consideration in part; (3) that Pioneer Building & Loan Association failed to use reasonable care after it came into possession of the property in renting and collecting the rents therefrom, and that if it had exercised such care, the rents collected would have been sufficient to have paid off and discharged the installments and interest on maturity; (4) that if the reasonable rental value of the premises in the sum of $60 had been applied to the loan, there would not have been due any sum whatever, and praying that the injunction be made perpetual; that she recover the title and possession of the property; that an accounting be had; that the rental value of $60 per month from July, 1933, be applied to the payment and discharge of the indebtedness; that the deed of trust be cancelled and that the cloud cast on the title by reason thereof be removed.

Temporary injunction was granted on ex parte hearing on November 2, 1935, restraining advertised sale for November 5, 1935, and restraining offering of property for sale under power contained in deed of trust. E. C. Street filed disclaimer. Pioneer Building & Loan Association answered and plead general demurrer and general denial and asked that the temporary injunction be dissolved, and by way of cross action alleged sale of property on November 5, 1935, under power of sale in deed of trust after default and after due notice of sale given in the time and manner provided by law and in the deed of trust without notice of the granting of the injunction, and asked that the sale be confirmed, and, in the alternative, prayed for judgment for its debt and foreclosure of lien.

The jury found (1) that the reasonable monthly rental of the property from June 20, 1933, to June 18, 1937, was $50 per month; (2) that Pioneer Building & Loan Association failed to cause the property to produce its reasonable rental value; (3) that Pioneer Building & Loan Association failed to exercise ordinary care in the management and renting of the property; (4) that the failure to exercise ordinary care in the management and renting was the proximate cause of Miss Cowan's damages; (5) that the failure to exercise ordinary care in the management and renting was negligence; (6) that Miss Cowan had sustained actual damages by reason of the failure of Pioneer Building & Loan Association to collect the reasonable rental value of the property; (7) that her damages were the proximate result of the negligence of Pioneer Building & Loan Association in failing to collect the reasonable rental value of the property; (8) that the sum of $1159.20 would reasonably compensate Miss Cowan for the damages suffered by her for the loss of rents occasioned as the proximate result of the negligence of Pioneer Building & Loan Association and its failure to exercise ordinary care in the management and renting of her property, and the collection of rents therefrom; (9) that Pioneer Building & Loan Association, by taking and retaining possession of the property under the rent assignment, intended to waive its privilege to declare the note due and foreclose its lien during the time the possession of such property was retained by it; (10) that the schedule of rents collected from tenants did not meet with the approval of Miss Cowan.

The court, on July 1, 1937, rendered judgment declaring and decreeing (a) that $50 per month be applied to the payment and discharge of the indebtedness; (b) that Miss Cowan's indebtedness as of that date to Pioneer Building & Loan Association was the sum of $1162.72; (c) that Pioneer Building & Loan Association waived its right under the deed of trust to foreclose its lien and recover judgment against Miss Cowan during the time of the retention by it of the property; (d) that it was entitled to retain possession thereof until payment of the balance of $1162.72; (e) that all costs incurred be taxed against Pioneer Building & Loan Association,

and (f) that all other relief sued and prayed for by either party and not expressly granted therein was refused and denied. Hence this appeal by Pioneer Building & Loan Association.

The property consists of a two-story frame eight room residence on Colcord Avenue in Waco that could be used and rented as two apartments. Appellee, feme sole, on January 25, 1930, executed and delivered her promissory note to appellant in the sum of $3500 payable in approximately 128 months, bearing interest at the rate of 8.4% per annum, interest payable monthly as it accrued, providing for 10% attorney's fees on principal and interest due and stipulating that failure to make the monthly payments of interest as they accrued or to make payments on shares of stock should, at the election of the holder, mature the note and subject lien to foreclosure; and she, on the same day, in order to secure the prompt payment of the interest on the note and the installments on the shares of stock, taxes, insurance, interest, etc., executed and delivered deed of trust to E. C. Street, trustee, Pioneer Building & Loan Association, cestui que trust. She thereafter, in January, 1933, moved to Mart, Texas, and on June 20, 1933, being in default in payments, assigned the rents accruing from said property to appellant and delivered partial constructive possession of the property to appellant, with the request that it look after the collection of the rents, and upon the understanding that it would apply all rents collected by it to the upkeep of the property, furnishing of water, payment of taxes, insurance, interest, dues, etc., and that she would assist in finding suitable tenants for the building. She, at the time of the assignment, had the downstairs apartment rented at either $17.50 or $18 per month, and the upstairs apartment for $15 per month. She thereafter, on divers occasions, consulted with appellant as to the tenants in the building and as to the rent to be paid by them, and she on different occasions acquiesced in the renting of the property and in the amount of rent to be received therefrom. She retained possession of a part of the residence for her individual use for a part of the time. She did not pay any taxes after securing the loan in January, 1930, with the exception of the year 1931, and admits being in default on June 20, 1933. Appellant rendered an accounting of all receipts and disbursements in connection with the property from June 20, 1933, to the date of trial showing in detail the rents collected and how credited, the bills for water, repairs, taxes and insurance paid and charged. The items charged were first paid out of the rent as received and the balance of the rent was applied to the payment of the interest and installments, and no payments were made by appellee after June 20, 1933, otherwise. Appellant, on or before October 10, 1935, matured the note and caused the trustee on that date to post notices of the sale of the property for Tuesday, November 5, 1935.

Appellant introduced testimony tending to establish the fact that the property was duly sold by the trustee at public auction to it without notice of the granting of the temporary injunction, and that the deed was not delivered for the reason that notice was given to the trustee and it within a few minutes after the sale and before the preparation and delivery of deed.

Appellant contends (1) that the trial court erred in refusing to confirm the sale of November 5, 1935, on the ground that the uncontradicted evidence shows sale of property to appellant in conformity with the law and the deed of trust before notice of granting of injunction was received by either the trustee or appellant; (2) that the trial court erred in submitting to the jury special issue No. 9, inquiring whether appellant by accepting rent assignment intended to waive its right of foreclosure and in founding its judgment on the jury's answer thereto on the ground that there was no evidence to raise such issue or support such finding; (3) that the trial court erred in refusing to vest title in appellant; (4) that the trial court erred in denying appellant a foreclosure of its lien; (5) that the trial court erred in submitting special issue No. 1, inquiring as to the reasonable monthly rental value of property for the reason that such issue did not provide a means of properly determining the liability of appellant, if any, to appellee under the facts in this record; (6) that the trial court erred in refusing to allow appellant credit in its accounting for the taxes paid on property; and (7) that the evidence does not support the judgment rendered by the court.

If the sale was made after either notice or service of temporary injunction and in violation thereof, then the same

was void. Lindley v. Easley, Tex.Civ. App., 59 S.W.2d 927; Ward v. Billups, 76 Tex. 466, 13 S.W. 308; Morgan v. Massillon Engine & Thresher Co., Tex.Civ.App., 274 S.W. 255. But, if it was made prior to either notice or service of injunction and not in violation thereof, then the injunction did not become effectual (32 C.J., subsec. e, sec. 627, p. 372), and the sale may be completed by the execution and delivery of the deed after the dissolution of the injunction, provided appellee was in default on and prior to October 10, 1935, and appellant was entitled to mature indebtedness and ask foreclosure and had caused notice of the sale for November 5, 1935 to be given in the time and manner required by law and the deed of trust, and sale was made pursuant thereto.

Where a mortgagee enters into possession of the property under an agreement that it should refrain from foreclosure during its possession of the premises, it may not foreclose its mortgage without first surrendering its possession, Wiltsie on Mortgage Foreclosure, 4th Ed., sec. 176, p. 243; McLeod v. McEachern, 187 Ala. 230, 65 So. 790; yet the fact that the mortgagee is in possession of the property does not prevent it from foreclosing its mortgage as an accounting for the rents and profits may be properly disposed of on the trial. Shaw v. Polk, 152 Ark. 18, 237 S.W. 703; Marion County State Bank v. Myers, 99 Kan. 60, 160 P. 979. Where the sale is made in accordance with law and the provisions of the mortgage, the purchaser obtains an equitable title, although no deed is made. Morgan v. Kendrick, 91 Ark. 394, 121 S.W. 278, 134 Am.St.Rep. 78; Bellenger v. Whitt, 208 Ala. 655, 95 So. 10.

As between the mortgagor and mortgagee, the latter has merely a lien upon the mortgaged property to secure payment of the sum owed by the former, Carroll v. Edmondson, Tex.Com.App., 41 S.W.2d 64; Id., Tex.Civ.App., 28 S.W.2d 250; Hill v. Gomez, Tex.Civ.App., 260 S. W. 618, but it is competent for the parties to a mortgage to make a parol or written agreement contemporaneous with or subsequent to the execution thereof as to the possession or the right of possession of the premises other than that which the law would determine in the absence of a contract. Morrow v. Morgan, 48 Tex. 304; Rowan v. Texas Orchard Dev. Co., Tex.Civ.App., 181 S.W. 871, error refused; 41 C.J. pp. 610, 611, sec. 578; 29 Tex.Jur. 878, 879, sec. 68.

Where a mortgagee has wrongfully obtained and withheld possession of the mortgaged premises, it is not necessary to a recovery of title and possession by the mortgagor that he should tender the amount due, though the mortgagee may, under proper averments, have a judgment for his debt and foreclosure and sale to satisfy it. Loving v. Milliken, 59 Tex. 423; Burks v. Burks, Tex.Civ.App., 141 S.W. 337, error refused. However, if the mortgagee was placed in possession under the mortgage or subsequent agreement and was by the terms thereof entitled to retain it, then the mortgagor cannot recover possession without discharging the debt or making a valid and sufficient tender thereof. Hannay v. Thompson, 14 Tex. 142, 144; Rodriguez v. Haynes, 76 Tex. 225, 13 S.W. 296; Duke v. Reed, 64 Tex. 705; Price v. Reeves, Tex.Civ.App., 91 S.W.2d 862; Connor Bros. v. Williams, 130 Tex. 572, 112 S.W.2d 709; Williams v. Connor Bros., Tex.Civ.App., 83 S.W. 2d 692; Browne v. King, 111 Tex. 330, 235 S.W. 522; Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329; Id., Tex.Civ.App., 107 S.W.2d 681.

Appellant was authorized under the deed of trust, and obligated as mortgagee in possession, to incur and pay expenses, including costs of repairs necessary to the upkeep and preservation of the premises, insurance, taxes, furnishing of water and advertising of property for rent, and deduct the same from the rents collected by it. Stone v. Tilley, 100 Tex. 487, 101 S.W. 201, 10 L.R.A.,N.S., 678, 123 Am.St.Rep. 819, 15 Ann.Cas. 524; Majors v. Strickland, Tex.Civ.App., 6 S.W.2d 133; Brown v. Crawford, D.C., 252 F. 248; Hays v. Christiansen, 105 Neb. 586, 181 N.W. 379; Id., 114 Neb. 764, 209 N.W. 609; Lesser v. Reeves, 142 Ark. 320, 219 S.W. 15; and equity and justice required it to apply the net proceeds of the rents and profits to the payment of the respective current installments of interest and dues as the same matured. Miller v. White, Tex.Civ.App., 264 S.W. 176.

When a mortgagee wrongfully ousts the mortgagor and assumes absolute control of the premises, it is responsible for the reasonable rental value, if any, of the property during the time it holds

possession. Lucia v. Adams, 36 Tex.Civ. App. 454, 82 S.W. 335. But where possession is rightfully obtained, then the true rule is that a mortgagee in possession, either in person or by a tenant, is bound to account for the rents and profits received by it or which it might have received by the use of reasonable diligence and care, Frey v. Campbell, 3 S.W. 368, 8 Ky.Law Rep. 772; Matthews v. Memphis & C. R. Co., 108 U.S. 368, 2 S.Ct. 780, 27 L.Ed. 756; Caldwell v. Hall, 49 Ark. 508, 1 S.W. 62, 4 Am.St.Rep. 64; Dozier v. Mitchell, 65 Ala. 511; Murdock v. Clarke, 90 Cal. 427, 27 P. 275; Bowen v. Boughner, 189 Ky. 107, 224 S.W. 653; Sibley v. Garland, 239 Mass. 20, 131 N.E. 466; Stevenson v. Edwards, 98 Mo. 622, 12 S.W. 255; Brown v. Berry, 89 N.J.Eq. 230, 108 A. 51; and the fact that the rents received are less than the full rental value of the property does not of itself show negligence. Brown v. South Boston Savings Bank, 148 Mass. 300, 19 N.E. 382; Moshier v. Norton, 100 Ill. 63, 68.

■■■ If the premises, or a part thereof, are rented at the time the mortgagee takes possession, or are rented with the consent of the mortgagor, the mortgagor can not insist that the mortgagee account for a higher rental for such premises, or portions thereof, than that provided in the rental contracts. Emil Kiewert Co. v. Juneau, 6 Cir., 24 C.C.A. 294, 78 F. 708, 47 U.S.App. 394; Eldriedge v. Hoefer, 50 Or. 241, 93 P. 246, 94 P. 563, 96 P. 1105; National Mutual Bldg. & Loan Ass'n v. Houston, 81 Miss. 386, 32 So. 911. Nor is a mortgagee required to account for the amount of reduction where it reduces the rent in order to retain the tenant. Chapman v. Cooney, 25 R.I. 657, 57 A. 928.

■■■ Appellant made no profit out of the possession of the residence and appellee was not in a position to spare the time necessary to a proper managing and renting of the premises on account of pressing duties in Mart, Texas; and while appellant is bound to account for the rents and profits received by it or which it might have received by the use of reasonable care, yet it is not, under the facts in this record, liable for a rental of fifty dollars per month from June 20, 1933, to June 18, 1937. It appears that fifty dollars per month was rather above, than below, what the evidence tends to show a fair rent to have been from month to month for the whole period, without taking into account any contingencies in loss of time in renting, rent contracts made or acquiesced in by mortgagor for a less aggregate amount, or failure in collections, all of which were revealed to be important. Its accountability did not extend to imaginary rents and profits or rental value. The application of the rule or standard applied in the trial court does not accomplish justice between the parties, for it is disclosed by an examination of the judgment that appellant was charged with the application of fifty dollars per month on the interest and dues owing it by appellee and that it was denied any credit for the amounts incurred in furnishing water, for insurance, making needed repairs, advertising property for rent and paying taxes. The aggregate amount of fifty dollars per month from June 20, 1933, to June 20, 1937, is only $2400, and the amount of rents and profits actually received by appellant is a far lesser sum. The amount of principal of loan, interest, taxes, insurance, water charges, advertising and repair costs, etc., as of date of trial was in excess of $5000, if the credits to which appellee was entitled are not considered, yet the trial court established the amount due appellant as of June 18, 1937, as the sum of $1162.72. Therefore, the judgment of the trial court is reversed and the cause is remanded for another trial.