24TH & DODGE LIMITED PARTNERSHIP, APPELLANT, V.
ACCEPTANCE INSURANCE COMPANY, A NEBRASKA
CORPORATION, ET AL., APPELLEES.
690 N.W.2d 769

Filed January 7, 2005. No. S-02-447.

James D. Sherrets and Theodore R. Boecker, Jr., of Sherrets & Boecker, L.L.C., for appellant.

Patrick B. Griffin, of Kutak Rock, L.L.P., for appellees Acceptance Insurance Company and Acceptance Insurance Companies.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCormack, J.

## NATURE OF CASE

The appellant, 24th & Dodge Limited Partnership (24th & Dodge), brought an action for wrongful declaration of default and wrongful foreclosure by the appellees, Acceptance Insurance Company, a Nebraska corporation (Nebraska Acceptance); Acceptance Insurance Companies, a Delaware corporation doing business in Nebraska (Delaware Acceptance); and John J. Jolley, Jr., trustee. The appellees demurred to 24th & Dodge's third amended petition (petition). The demurrer was sustained, and after 24th & Dodge elected to stand on its petition, the district court for Douglas County dismissed the petition with prejudice.

## BACKGROUND

In November 1995, Delaware Acceptance loaned 24th & Dodge approximately $9,747,548.33. The loan was secured by a deed of trust encumbering real property commonly known as the 24th & Dodge building, which is located in Omaha, Nebraska, and by an assignment of rents from that property. In September 1996, the aforementioned loan was refinanced and Nebraska Acceptance acquired an interest in the property pursuant to an amendment to the deed of trust.

On an unidentified date, Nebraska Acceptance declared 24th & Dodge in default of its loan obligation. Jolley, as trustee, recorded a notice of default and an amended notice of default with the Douglas County register of deeds. A notice of sale indicating the property would be sold on June 4, 2001, was then published. Delaware Acceptance, through Jolley as trustee, asserted that the outstanding balance of the loan was $8,777,526.92, which included a principal balance of $8,766,877.50. A temporary restraining order was sought by 24th & Dodge to halt the foreclosure, but the request was denied and the property was sold at the trustee's sale for $12 million.

Subsequently, 24th & Dodge brought suit against the appellees alleging the wrongful foreclosure of the 24th & Dodge property. In its petition, 24th & Dodge alleged that it was not in default of its loan obligation at the time of Jolley's notice of default. It alleged that Delaware Acceptance had collected the

rents from First National Bank of Omaha (tenant) under the assignment of rents and further that such rents satisfied the monthly principal payment. Alternatively, 24th & Dodge alleged that if it was in default of its loan obligation, any actual or technical noncompliance with the loan arose out of the negligence or misconduct of Delaware Acceptance and Nebraska Acceptance by failing to collect all rents owed by the tenant under the assignment of rents. Finally, 24th & Dodge asserted that pursuant to Neb. Rev. Stat. § 76-1006(2) (Reissue 2003), the appellees were required to give notice of the outstanding balance on the underlying loan obligation, including unpaid principal and interest. It is 24th & Dodge's claim that the appellees failed to disclose the accurate amount owing, which prevented it from curing any technical or actual default.

The appellees demurred to 24th & Dodge's petition, claiming that the petition does not state facts sufficient to constitute a cause of action. On January 10, 2002, the district court sustained the demurrer without providing legal reasoning or discussion of the court's rationale. Although given leave to amend, 24th & Dodge elected to stand on its petition. On March 28, the district court entered an order dismissing the case with prejudice. On April 22, 24th & Dodge filed this appeal, and we moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENT OF ERROR

The sole assignment of error by 24th & Dodge is that the district court erred in failing to find that its petition stated facts sufficient to constitute a cause of action.

## STANDARD OF REVIEW

■ In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Butler Cty. Sch. Dist. No. 502 v. Meysenburg*, 268 Neb. 347, 683 N.W.2d 367

(2004); *Harsh International v. Monfort Indus.*, 266 Neb. 82, 662 N.W.2d 574 (2003).

 In determining whether a cause of action has been stated, the petition is to be construed liberally. If as so construed the petition states a cause of action, a demurrer based on the failure to state a cause of action is to be overruled. *Kubik v. Kubik*, 268 Neb. 337, 683 N.W.2d 330 (2004); *Rodehorst v. Gartner*, 266 Neb. 842, 669 N.W.2d 679 (2003). Whether a petition states a cause of action is a question of law, regarding which an appellate court has an obligation to reach a conclusion independent of the inferior court. *Kubik v. Kubik, supra.*

## ANALYSIS
### MORTGAGEE'S FAILURE TO COLLECT RENT

In its petition, 24th & Dodge alleged that Delaware Acceptance and Nebraska Acceptance wrongfully foreclosed the mortgage because Delaware Acceptance and Nebraska Acceptance failed to "recover sums owed to 24th & Dodge by the tenant . . . which such sums Delaware Acceptance and Nebraska Acceptance were obligated to recover by virtue of their acting upon an assignment of rents."

 In Nebraska, a mortgagee's status is that of a lienholder. See Neb. Rev. Stat. § 76-276 (Reissue 2003). Under this theory, the mortgagee is regarded as owning a security interest in real estate only and the mortgagor retains both the legal title and right of possession. *Id.* See, also, Restatement (Third) of Property: Mortgages § 4.1 (1997). Although title and possession remain in the mortgagor, mortgagees may create a security interest in rents arising from real estate. § 76-276. The security interest may be enforced by the recovery of rents as part of the enforcement of an assignment of rents instrument. Neb. Rev. Stat. § 52-1705 (Reissue 2004).

 There is little Nebraska case law regarding the collection of rents under an assignment of rents agreement. We have, however, made it clear that a mortgagee in possession before foreclosure must not only account for rents and profits received, but also for rents which the mortgagee could have received with reasonable diligence. *Hays v. Christiansen*, 105 Neb. 586, 181 N.W. 379 (1921). See, also, *Kemp v. Small*, 32 Neb. 318, 49 N.W. 169

(1891); *Comstock v. Michael*, 17 Neb. 288, 22 N.W. 549 (1885) (superseded by statute on other grounds).

In the present case, 24th & Dodge has not alleged that Delaware Acceptance and Nebraska Acceptance were in possession of the mortgaged property. Rather, 24th & Dodge alleges that they "were obligated to recover [the rents] by virtue of their acting upon an assignment of rents for the subject property." Brief for appellant at 9. Thus, the issue presented is whether a mortgagee who acts upon the assignment of rents without taking actual possession of the mortgaged property must account for rents which could have been collected from the tenant.

There is no case law cited by 24th & Dodge which supports its position that a mortgagee becomes obligated to account for rents merely by acting upon an assignment of rents. In *In re Olick*, 221 B.R. 146 (Bankr. E.D. Pa. 1998), the U.S. Bankruptcy Court for the Eastern District of Pennsylvania addressed a claim that debtors were entitled to certain credits and offsets based upon the mortgagee's failure to collect rents and otherwise manage the mortgaged property pursuant to its alleged responsibilities under an assignment of rents agreement. The *In re Olick* court concluded that the mortgagee was not obligated to collect rents. The relevant portion of the *In re Olick* opinion is set forth below:

> Our research reveals that the cases most supportive of the Debtors' theory concern the duties of mortgagees-in-possession. Mortgagees-in-possession are held to be *quasi* trustees, with a duty to collect and account for rents. . . . "The mortgagee in possession has a duty to collect the rents and profits which accrue during his occupancy and apply them to the mortgage debt. . . . Moreover, the mortgagor is entitled to an accounting from his mortgagee who has taken possession . . . .". . .
>
> . . . In the present case, however, the Debtors have not met their burden of showing that [the creditor, National Penn Bank (NPB),] should be held to this high standard since they failed to establish that NPB was a mortgagee-in-possession. To explain, a creditor becomes a mortgagee-in-possession when it takes actual possession and control over a debtor's property. . . . In the present case, however, the record is devoid of evidence that NPB took actual

possession of the Commercial Property. NPB exercised its rights under the assignment of rents by sending the tenant a letter demanding the payment thereof, and, upon the tenant's noncompliance, NPB garnished the rent. By sending the demand letter to the tenant, NPB was deemed to have taken constructive possession of the property . . . thus permitting NPB to collect the rents, but the applicable case law appears to require a creditor to take actual possession to achieve the status of mortgagee-in-possession.

(Citations omitted.) (Emphasis omitted.) 221 B.R. at 156-57.

We agree with the *In re Olick* court that in order for a mortgagee to become accountable for rents under an assignment of rents, the mortgagee must be in actual possession of the mortgaged property, as opposed to merely collecting rents under an assignment of rents. This view is not only consistent with our holding in *Hays v. Christiansen*, 105 Neb. 586, 181 N.W. 379 (1921), it is also consistent with case law from other jurisdictions and secondary sources. See, *U.S. Fid. & Guar. v. Old Orchard Plaza*, 284 Ill. App. 3d 765, 773, 672 N.E.2d 876, 882 (1996) ("[p]ossession means 'physical possession of the mortgaged real estate to the same extent to which the mortgagor, absent the foreclosure, would have been entitled to physical possession'"); *Prince v. Brown*, 856 P.2d 589 (Okla. App. 1993) (explaining mortgagee who receives rents does not become mortgagee in possession unless he has also entered into continued physical possession and exercises exclusive operating control of property); 54A Am. Jur. 2d *Mortgages* § 213 (1996) (defining possession as exclusive actual control over property to exclusion of mortgagor); 55 Am. Jur. 2d, *supra*, § 1319 (stating general rule that one who takes possession of property as mortgagee must account for rents).

There is no allegation in the present case that Delaware Acceptance and Nebraska Acceptance were in actual possession of the physical property to the exclusion of 24th & Dodge. Consequently, we conclude that Delaware Acceptance and Nebraska Acceptance had no duty to collect rents after exercising their rights under the assignment of rents. Therefore, 24th & Dodge's allegation that Delaware Acceptance and Nebraska

Acceptance were negligent in their failure to collect rents under the assignment of rents did not state a cause of action.

## § 76-1006

Next, 24th & Dodge argues that the appellees failed to give proper notice of the outstanding balance on the underlying loan obligation as required by § 76-1006. According to 24th & Dodge, § 76-1006(2)(b) required Jolley, as trustee, "to provide a statement of the amount of the entire unpaid principal sum secured by the trust deed, together with interest and a per diem [rate]." Brief for appellant at 17.

Section 76-1006(1) sets out what the notice of default must contain. In *Gilroy v. Ryberg*, 266 Neb. 617, 628, 667 N.W.2d 544, 555 (2003), we stated:

> Every notice of default, regardless of the type of property secured by the trust deed, must identify "the trust deed by stating the name of the trustor named therein and giving the book and page or computer system reference where the same is recorded and a description of the trust property, containing a statement that a breach of an obligation for which the trust property was conveyed as security has occurred, and *setting forth the nature of such breach* and of [the trustee's] election to sell or cause to be sold such property to satisfy the obligation."

(Emphasis in original.) In contrast, the additional procedural requirements set forth in § 76-1006(2) apply to the foreclosure by trustee's sale of trust property used in farming operations by the borrower outside of any incorporated city.

In *Gilroy*, we rejected the argument that the requirements in § 76-1006(2) were subsumed in the requirements of § 76-1006(1). In reaching that conclusion, we noted that had the Legislature intended the requirements in § 76-1006(2) to be incorporated into the requirements in § 76-1006(1), it would have been unnecessary for it to set out the additional requirements in § 76-1006(2) for trust deeds on agricultural property. *Id.*

■ In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning. An appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

*Mitchell v. French*, 267 Neb. 656, 676 N.W.2d 361 (2004); *Unisys Corp. v. Nebraska Life & Health Ins. Guar. Assn.*, 267 Neb. 158, 673 N.W.2d 15 (2004). The language of § 76-1006(2) clearly states that it applies to property used for farming which is not located within an incorporated city. The property involved in the present dispute was a building located in downtown Omaha and leased to a commercial tenant. As such, it did not fall within the parameters of § 76-1006(2). Because § 76-1006(2) was inapplicable, it was only necessary for the appellees to comply with the requirements set forth in § 76-1006(1). That section does not require a mortgagee to set forth the outstanding loan obligation in the notice of default. Therefore, we find that 24th & Dodge's argument on this issue is without merit.

## DEMURRER

At issue in this case is whether 24th & Dodge's petition alleged facts sufficient to withstand the appellees' demurrer. The petition of 24th & Dodge predated the recent enactment of the Nebraska Rules of Pleading in Civil Actions. Therefore, in order to survive the appellees' demurrer, the petition needed to contain "a statement of the facts constituting the cause of action." Neb. Rev. Stat. § 25-804(2) (Reissue 1995) (repealed by 2002 Neb. Laws 876, operative January 1, 2003). A statement of facts sufficient to constitute a cause of action means a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff. *Stahlecker v. Ford Motor Co.*, 266 Neb. 601, 667 N.W.2d 244 (2003).

The petition of 24th & Dodge alleged that its property was wrongfully foreclosed upon by the appellees. Nebraska has recognized that a party may bring an action in equity to set aside a foreclosure sale conducted under a power of sale in a trust deed. *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). Here, 24th & Dodge claims that the sale was wrongful, but does not seek to set aside the sale in equity. Rather, it claims that it has a common-law action for damages suffered as a result of the alleged wrongful foreclosure of its property. This court has not, as yet, recognized a common-law action for wrongful foreclosure. It is unnecessary, however, for us to determine whether we would recognize such an action in this case because here, based

on a careful examination of the petition, we determine that 24th & Dodge has not alleged facts upon which we would recognize a cause of action for wrongful foreclosure.

## CONCLUSION

For the reasons set forth above, we determine that 24th & Dodge's claim that Delaware Acceptance and Nebraska Acceptance were negligent in their failure to collect rents under the assignment of rents did not state a cause of action because Delaware Acceptance and Nebraska Acceptance were not in actual possession of the mortgaged property. We further determine that § 76-1006(2), and specifically the requirement therein that the notice of default set forth the amount of the unpaid principal sum, is inapplicable for the reasons set forth in this opinion. We finally determine as a matter of law that the facts set forth in 24th & Dodge's petition, if proved, do not state a cause of action for wrongful foreclosure. Because 24th & Dodge exercised its right to stand on its petition after being given an opportunity to amend, we conclude the district court did not err in sustaining the appellees' demurrer and in dismissing the action. The district court's dismissal of the petition is, therefore, affirmed.

AFFIRMED.