## LINDLEY v. EASLEY et al.
### No. 1098.

Court of Civil Appeals of Texas. Eastland.
May 24, 1932.

Rehearing Denied May 5, 1933.

Woodward & Coffee, of Big Spring, for appellant.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellees.

HICKMAN, Chief Justice.

Appellant instituted this suit in the district court of Fisher county as an action in trespass to try title; his petition containing the formal allegations of a suit in that nature. By agreement of the parties the case was transferred to Taylor county: The two counties are in the same judicial district. Appellee J. M. Easley and Walter Carter were named defendants, but the latter filed a disclaimer, and no questions pertaining to him are presented. Where the term "appellee" is used, it will refer to J. M. Easley only. In his answer appellee pleaded not guilty, and by way of special plea alleged the following, in substance: That on January 6, 1925, he was the owner of the land in question and conveyed same to one J. F. Fraser, as a part of the consideration for which Fraser executed to him notes aggregating $4,900 secured by a vendor's lien upon the land, and further secured by a deed of trust in which Henry James was named trustee; the notes being due serially from November 15, 1925, to November 15, 1930; that after the execution of said vendor's lien notes appellee transferred them to one C. W. Gill, and thereafter Fraser reconveyed the land to appellee, the latter agreeing that he would "take care of said notes." Appellee further alleged that in May, 1925, Gill "desired the money on said notes, and in order to procure the money for the said Gill the defendant herein borrowed from C. D. Lindley * * * the sum of $3,330.00 by note dated June 2nd, 1925, due December 1st, 1925, with 10% interest per annum from maturity"; that he executed to Lindley his note for $3,700, but received from Lindley the sum of $3,330 only; that $370 was added to the face of the note for interest for six months, and the note bore 10 per cent. interest from maturity. The answer further alleged that, in order to secure his personal note to appellant, appellee "had the said Gill" transfer to the appellant as collateral three of the vendor's lien notes executed by Fraser, being the last three of the series of notes, and aggregating approximately $3,700; that the loan procured from appellee by appellant was usurious, on account of which all payments theretofore made, both as principal and interest, should be applied as credits on the principal and no interest allowed thereon. Total payments aggregating $2,539.-65 were alleged, leaving a balance of approximately $800 remaining unpaid after applying all payments to the principal.

As a special defense to appellant's action to try title, appellee alleged that, on or about the 8th day of July, 1931, D. R. Lindley, substitute trustee under the deed of trust executed by Fraser to Henry James, trustee, advertised the land in question for sale under the terms of the deed of trust, the sale to be made on the first Tuesday in August thereafter; that prior to the date of sale the appellee prepared a petition for an injunction against the sale, and the honorable district judge of Fisher county, who is also the judge of the district court in Taylor county in which this action was tried, granted his prayer for injunction upon his giving bond in the sum of $1,000, to be approved by the district clerk of Fisher county; that on the morning of the first Tuesday in August the bond was filed with and approved by said clerk and the injunction issued accordingly. It was alleged that, if he were mistaken about his allegation that the substitute trustee had notice of the issuance of the injunction before the land was actually cried off, he did have notice before the deed was executed to the purchaser. It was claimed that the deed made by the substitute trustee to the appellant, who was the purchaser at such sale, was void, because made in violation of the injunction.

There was an alternative plea to the effect that the property was sold to appellant at the trustee's sale for $1,500, and that, if same should be held valid, appellant would be due appellee the sum of approximately $800. The prayer was that the deed executed by the substitute trustee to appellant be canceled, set aside, and held for naught, and alternatively that, in the event such sale be upheld, appellee have judgment against appellant for the difference between the balance owing by him to appellant and $1,500, the amount of appellant's bid.

Appellant, by supplemental petition, after his general demurrer and general denial, alleged the execution of the vendor's lien notes by Fraser to appellee; that same were transferred and assigned by appellee to C. W. Gill; alleged the transfer and assignment of the last three of said notes by Gill to appellant; alleged the terms of the deed of trust executed by Fraser to Henry James, trustee; appellee's default in the payment of the last note of the series, and the sale by the substitute trustee at which he was the purchaser. He further alleged as an alternative plea that he was the owner of said vendor's lien notes; that the last one was due and unpaid; that he had paid taxes on the land in the amount of $160.38, and in the alternative prayed for judgment for the principal, interest, and attorneys' fees on said note, for the amount he had paid as taxes, and for a foreclosure of his vendor's lien and deed of trust lien upon the land in question.

The case was tried before the court without the assistance of a jury, and judgment was rendered canceling the deed by the substitute trustee to appellant, decreeing that appellant take nothing by reason of his suit in trespass to try title, and further decreeing that the appellant, upon his cause of action set up in his supplemental petition, recover from the appellee $1,029.76, this amount consisting of a balance due by appellee to appellant as principal, interest, and attor-

neys' fees, and for taxes. A foreclosure of the vendor's lien and deed of trust lien was awarded. The amount of the judgment was arrived at by treating the transaction as usurious and applying all payments made by appellee to appellant upon the principal, and then adding thereto the amount which appellant had paid as taxes.

■ The first question for determination relates to appellant's action in trespass to try title, and a determination thereof depends upon whether or not the court erred in canceling the deed executed by the substitute trustee to appellant. It is the admitted law that a sale made in violation of an injunction conveys no title to the purchaser, particularly if the purchaser is the one who violated the injunction. Ward v. Billups, 76 Tex. 466, 13 S. W. 308; Morgan v. Engine Co. (Tex. Civ. App.) 274 S. W. 255; 32 C. J. p. 374.

Appellant recognizes this rule of law in a case where the injunction is not void, but contends that the injunction relied upon by appellee was absolutely void, in that the order granting same required a bond in the sum of $1,000 only, and bond was given in that sum, whereas the law requires that in suits to enjoin the collection of a debt the injunction bond shall be fixed by the court in a sum at least double the amount of the debt sought to be enjoined. It is provided in article 4648, R. S. 1925, that: "If the injunction be applied for to restrain the execution of a money judgment or the collection of a debt, the bond shall be fixed in double the amount of such judgment or debt."

■ The question of whether the injunction was granted to restrain the collection of a debt is one not easy to determine. But, assuming that it should be so classified, the failure to require a bond in a sufficient amount would not render the injunction void and authorize its disobedience with impunity. Miller v. Clements, 54 Tex. 351; Mansfield v. Ramsey (Tex. Civ. App.) 196 S. W. 330.

■ The second attack made by appellant upon the injunction is contained in his second proposition, as follows: "A temporary or preliminary injunction granted under the terms of Arts. 4647 and 4648 of the Revised Civil Statutes is effective only in and for the purposes of the suit in which it is granted, and such an injunction is of no force or effect and obedience to it cannot be enforced in any other court or in any other action in the same court; and the only proof in the case at issue being that a petition was presented to the Judge and an ex parte order granting an injunction against the sale by the trustee endorsed thereon, without notice or hearing, and thereafter such petition filed in the District Court of Fisher County and bond filed and approved by the Clerk of the District Court of Fisher County, and no-

tice of such action given to the trustee who made the sale prior to the time of the sale, and no other action or hearing having been had in the District Court of Fisher County in respect to said injunction, such evidence did not show said sale to be void and did not authorize the District Court of Taylor County in the case at issue to enforce obedience to said injunction or to treat such sale as void as in violation of such injunction."

We overrule this contention. There is no showing that the suit in which the injunction was filed in Fisher county had been tried, but we do not believe that fact, or the further fact that, by agreement of the parties, this cause was transferred to and tried in the district court of Taylor county, should affect the validity of the injunction proceeding.

■ As a further claim that the injunction was void, appellant presents that the trial judge was without jurisdiction to grant it. The petition in the suit in which the injunction was granted alleged the residence of the substitute trustee to be in Howard county and the residence of appellant to be in Dimmitt county. Article 4656, R. S. 1925, provides, in substance, that writs of injunction shall be returnable to and tried in the proper court of the county of the domicile of the defendant, and that, if there be more than one party against whom a writ is granted, it must be returned and tried in the proper court of the county where either may have his domicile.

In the case of Uvalde Rock Asphalt Co. v. Asphalt Belt Ry. Co., 262 S. W. 736, the Commission of Appeals, speaking through Judge Chapman, held that a suit for injunction could only be brought in the county in which the defendant had his domicile. On rehearing, in (Com. App.) 267 S. W. 688, the original opinion was modified. In the latter opinion it was stated that the original opinion was written under the impression that the suit was purely one for injunction. A reconsideration led to the conclusion that the action was one in trespass to try title, to which the injunction was ancillary, and it was accordingly held that in such cases the rule announced in the original opinion did not apply. Appellant stresses the fact that in the opinion in the case last above cited it was shown that the venue of the main cause of action was in the county where the suit was filed, and the opinions, taken together, are interpreted as holding that, even though a suit is not purely one for injunction, but the injunction is ancillary to its main purpose, the question of whether or not the injunction is void is dependent upon whether or not venue in the main cause of action was in the county in which the suit was filed. We cannot agree with this contention. It is a well-established rule that the provisions of article 4656 apply only in cases which are purely suits for injunctions. Where the injunctive relief is an-

cillary to the main purpose of the action, the provisions have no application. International & G. N. Ry. Co. v. Anderson County (Tex. Civ. App.) 150 S. W. 239, 248; Royal Amusement Co. v. Columbia Piano Co. (Tex. Civ. App.) 170 S. W. 278; Evans v. Hudson (Tex. Civ. App.) 216 S. W. 491.

■ In the instant case the injunction was ancillary to the main purpose of the suit. The district court of Fisher county had jurisdiction of the main cause of action asserted. No showing is contained in the record as to whether a plea of privilege was filed therein. The court's jurisdiction to issue an injunction ancillary to the main purpose of a suit does not depend upon its having venue, as against a proper plea of privilege, of the cause of action to which the injunction is ancillary. It follows from what has been written that it is our conclusion that the trial court did not err in canceling the deed from the substitute trustee to appellant and decreeing that appellant take nothing by his suit in trespass to try title.

■ The other controlling question in the case relates to whether or not the transaction between appellant and appellee was usurious. This question is briefed by appellant under three propositions, but we think they may well be considered together. The facts disclose that Easley became indebted to C. W. Gill and assigned the vendor's lien notes to him as collateral only. After the assignment, Fraser conveyed the land back to Easley. We are not advised of the amount of Easley's indebtedness to Gill, to secure which the vendor's lien notes were assigned. Gill desired a payment on the indebtedness owing him by Easley, and the latter made arrangements with appellant to procure a loan of $3,330, for which he executed his promissory note for the principal sum of $3,700, due six months after date, and bearing interest at the rate of 10 per cent. per annum from maturity. To secure his personal obligation to appellant appellee caused Gill to transfer to appellant three of the vendor's lien notes held by Gill as collateral. It is true that Gill got the $3,330, and that he executed the transfer of the notes and lien to appellant. It is further true that there was no usury in the vendor's lien notes. If appellant had purchased these notes from Gill, the question of usury would not have been involved, but he did not purchase these notes. Instead he made a personal loan to appellee, and the vendor's lien notes were assigned to him by Gill upon appellee's direction as collateral only. This personal note bore a higher interest rate than the vendor's lien notes, and was renewed from time to time. We think counsel

for appellee have correctly analyzed the transaction in their brief in this language: "The transaction was the same as if Easley had borrowed $3,330.00 from Lindley and had given a mortgage on the lands on which the collateral notes were a vendor's lien to secure the $3,330.00." While appellant in his supplemental petition sued upon the collateral note instead of the personal note executed by appellee, still the amount of his recovery could not exceed the real indebtedness owing to him, and the trial court did not err in limiting recovery to that amount.

Finding no error in the record, it is our order that the judgment of the trial court be affirmed.