O'Brian v. First State Bank 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00644-CV







Michael J. O'Brian; Barbara A. O'Brian; Robert J. O'Brian;


and Martha J. O'Brian, Appellants




v.




First State Bank and H. Frank Harren, III, Appellees









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 491,412, HONORABLE SUE LYLES, JUDGE PRESIDING








 Appellants Michael J. O'Brian, Barbara A. O'Brian, Robert J. O'Brian, and Martha J.
O'Brian (collectively "the O'Brians") initiated a suit for wrongful foreclosure against appellees First State
Bank and H. Frank Harren, III, based on appellees' violation of a temporary restraining order. Appellees
moved for summary judgment on the grounds that the suit was barred by res judicata, collateral estoppel,
and the election of remedies doctrine. In addition, Harren asserted an additional ground attacking the
validity of the temporary restraining order. The O'Brians appeal the trial court's order granting summary
judgment in favor of appellees. We will reverse and remand in part and affirm in part.



FACTUAL AND PROCEDURAL BACKGROUND


 Michael and Barbara O'Brian executed four promissory notes to Frontier State Bank. (1) 
The notes were secured by two parcels of residential property ("the Preston Avenue property" and "the
Harris Road property") jointly owned by Michael and Barbara as community property, revenue bonds with
a face value of $25,000 owned by Michael and Barbara, and a $100,000 money market account owned
by Robert and Martha O'Brian, Michael's parents. After Frontier State Bank failed, First State Bank
acquired the notes from the Federal Deposit Insurance Corporation on October 27, 1988. The notes had
matured and were in default when First State Bank acquired them. On January 17, 1989, First State Bank
posted the lots for foreclosure on February 7, 1989 between 1 p.m. and 4 p.m.

 On the morning of February 7, the O'Brians applied for a temporary restraining order to
enjoin First State Bank and Harren, the substitute trustee and counsel for First State Bank, from proceeding
with the non-judicial foreclosure sales and from foreclosing on Michael's parents' money market account. 
Later that day, the trial court conducted a hearing on the application. Harren was present at the hearing
in his capacity as substitute trustee and as First State Bank's counsel. During the hearing, the O'Brians
represented that Michael was relocating and his employer, IBM, would buy the Preston Avenue property
through its employee-relocation program for $412,500. At the conclusion of the hearing, the trial court
orally granted the application and signed an order directing that "[a] Temporary Restraining Order be issued
without notice" restraining First State Bank and its agents from foreclosing on the real property and the
money market account and setting bond at $5,000. The O'Brians contend that Harren agreed to waive
service of the restraining order at the hearing. At 1:30 p.m., prior to the scheduled sales, the order and a
surety bond were filed with the district clerk, the clerk approved the bond, and a copy of the order was
delivered to Harren.

 Shortly thereafter, Harren examined the bond and decided it was defective because it
contained a photostatic signature of the surety. Additionally, Harren decided that the order was deficient
because it (1) failed to set forth the reasons for its issuance, (2) failed to set forth in reasonable detail the
act or acts to be restrained, (3) did not adequately describe the real property involved, (4) failed to set a
hearing for a temporary injunction, (5) failed to allege wrongful conduct or an intent to engage in wrongful
conduct, and (6) did not set out the reasons why an injury would occur if the restraint was not granted.

 Harren brought the claimed deficiencies in the bond to the attention of the district clerk. 
The district clerk directed that the file mark be crossed through and his signature approving the bond be
"whitened-out." As a result, the district clerk did not issue the formal writ of injunction. Harren then
contacted the O'Brians' counsel and notified him of his intention to proceed with the sales because he
believed the defects in the temporary restraining order rendered the order void. After an unsuccessful
attempt to locate the district judge, Harren proceeded with the foreclosure sales, and the properties were
sold to First State Bank at approximately 3:50 p.m. First State Bank paid $200,000 for the Harris Road
property and $245,000 for the Preston Road property.

 On February 17, 1989, the O'Brians, without amending their pleadings, moved to have the
foreclosure sales set aside. First State Bank and Harren moved to have the temporary restraining order
set aside and declared void ab initio. On March 3, 1989, the trial court determined that the temporary
restraining order was void ab initio; the court rendered an order setting aside the February 7 temporary
restraining order and dismissing the O'Brians' suit with prejudice; the court refused to set aside the
foreclosure sales. Only Michael and Barbara appealed the district court's judgment. On appeal, this Court
set aside the trial court's March 3 order and dismissed the cause as moot because the temporary restraining
order had expired and the sale it purported to restrain had been completed. Our opinion reads in pertinent
part:



 In general, a judgment is void only when it is shown that the court had no
jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction
to enter the particular judgment, or no capacity to act as a court. Browning v. Placke,
698 S.W.2d 362, 363 (Tex. 1985). All error other than jurisdictional deficiencies render
the judgment merely voidable. Id.


 It is unnecessary to treat the matter further because we are convinced that this
Court lacks jurisdiction to consider the appeal. The order under consideration stems from
a temporary restraining order. A temporary restraining order is interlocutory in nature and
is not appealable. Lord v. Clayton, 352 S.W.2d 718, 719 (Tex. 1961). Moreover, by
its terms the temporary restraining order has long since expired. If the terms of a
temporary restraining order have expired, any challenge to the temporary restraining order
is moot. Arvol D. Hays Construction Co. v. R & M Agency Corp., 471 S.W.2d 628,
629 (Tex. Civ. App. 1971, writ ref'd n.r.e.).


 In addition, by their suit appellants sought only to restrain appellees from selling the
properties; this act has now been fully completed. Therefore, whether or not the district
court erred in ordering appellees to refrain from conducting the foreclosure sales is moot. 
An order from this Court permitting or prohibiting appellees from going forward with the
sales would be meaningless because there would be nothing in such event on which our
judgment could operate. Cf. Madison v. Martinez, 42 S.W.2d 84 (Tex. Civ. App. 1931,
writ ref'd).


 Because the case is moot, the district court's order setting aside and declaring the
temporary restraining order void ab initio is set aside and the case is dismissed. Texas
Foundries v. International Moulders & F. Wkrs., 248 S.W.2d 460, 461 (Tex. 1952).


O'Brian v. First State Bank, 3-89-00128-CV, slip op. at 4-5 (Tex. App.Austin June 27, 1990, no writ)
(not designated for publication).

 On February 17, 1989, Barbara filed for personal bankruptcy protection under Chapter
7. Barbara received her discharge on June 27, 1989. However, on August 4, 1989, citing a meritorious
cause of action under 11 U.S.C. §§ 548 and 550, she moved to delay the closing of her case pending this
Court's decision in the first appeal. Sections 548 and 550 permit a bankruptcy trustee or debtor to avoid
a foreclosure sale of the debtor's property or to recover the value of that property from the transferee if
less than a "reasonably equivalent value" was received for the property. (2) On October 19, 1989, First State
Bank filed an adversary proceeding within that cause seeking a declaratory judgment that the foreclosure
sales did not constitute fraudulent transfers under sections 548 and 550 of the Bankruptcy Code and that
First State Bank paid a reasonably equivalent value for the Preston Avenue and Harris Road properties. 
See First State Bank v. Barbara Aileen O'Brian, Adv. Pro. No. 89-1259FM (Bankr. W.D. Tex.). 
Barbara challenged only the foreclosure on the Preston Avenue property, asserting that it was her
homestead.

 On June 28, 1990, the bankruptcy court rendered judgment that the foreclosure sales did
not give rise to a cause of action under sections 548 and 550. Barbara appealed the judgment to the U.S.
District Court, asserting that the bankruptcy court erred in finding that the value of the Preston Avenue
property was $325,000, in adding the amount of property taxes First State Bank paid to determine
reasonably equivalent value, and in determining that First State Bank paid a reasonably equivalent value. 
The U.S. District Court affirmed the judgment of the bankruptcy court.

 On August 15, 1990, First State Bank foreclosed its security interest on the money market
account owned by Robert and Martha O'Brian. After applying the sales proceeds and the money market
account to the debt, a deficiency in excess of $160,000 remained. (3) On September 17, 1990, First State
Bank successfully prosecuted a forcible entry and detainer action against Barbara to evict her from the
Preston Avenue property.

 On September 28, 1990, the O'Brians initiated a suit for wrongful foreclosure, alleging that
the sale conducted by the Bank and Harren violated the temporary restraining order, and sought to have
the foreclosure sales set aside or alternatively to recover damages. Cf. Cannan v. Green Oaks Apts.,
Ltd., 758 S.W.2d 753 (Tex. 1988) (whether cause of action exists for damages based solely on violation
of temporary restraining order is open question). First State Bank counterclaimed for a deficiency
judgment against Michael and Barbara, except to the extent her debts were previously discharged. First
State Bank and Harren jointly moved for summary judgment on all claims. The trial court rendered
summary judgment for First State Bank and Harren. In another unpublished opinion, this Court reversed
the summary judgment, holding that (1) the temporary restraining order was not void ab initio, (2) there was
a valid order of the trial court prohibiting the foreclosure sale, of which First State Bank and Harren were
aware, (3) whether the suit for the temporary restraining order was res judicata in the wrongful foreclosure
suit was not proved as a matter of law because certified copies of the pleadings in the prior district court
case had not been made part of the summary judgment record, and (4) the counterclaims had not been
proved as a matter of law. O'Brian v. First State Bank, No. 3-91-478 (Tex. App.Austin, April 7,
1993, writ denied) (not designated for publication).

 On remand, First State Bank and Harren again moved for summary judgment, asserting
grounds of res judicata, collateral estoppel, and election of remedies. In his separate motion for summary
judgment, Harren posed as an additional ground that the O'Brians never pleaded an underlying cause of
action that could have formed the basis for granting a temporary restraining order to prevent the foreclosure
sales. The O'Brians filed no response to the motions for summary judgment. The trial court granted the
motions on all grounds and rendered judgment that the O'Brians take nothing. Thereafter, the trial court
granted First State Bank's motion for summary judgment on its counterclaim and rendered a final judgment.



DISCUSSION


 In three points of error, the O'Brians assert that the trial court erred in granting summary
judgment on the basis of res judicata, collateral estoppel, and the election of remedies doctrine. (4) The
standards for reviewing a summary judgment are well established. The movant for summary judgment has
the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a
matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548 (Tex. 1985). In
deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable
to the non-movant will be taken as true. Id. at 548-49. Every reasonable inference must be indulged in
favor of the non-movant and any doubts resolved in its favor. Id. at 549.

 Appellees moved for summary judgment on the basis of three affirmative defenses and,
therefore, had the burden to prove there is no issue of material fact regarding any essential element of the
affirmative defenses. Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). Because the O'Brians did not
respond to appellees' motions for summary judgment, however, they are limited on appeal to challenging
the legal sufficiency of the movants' grounds for summary judgment. City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). We limit our review accordingly.



(i) Res Judicata

 Appellees argue that the present suit is barred by res judicata by the prior suit for a
temporary restraining order. The doctrine of res judicata prevents the relitigation of a claim or cause of
action that has been finally adjudicated, as well as related matters that, with the use of diligence, could have
been litigated in the prior suit between the same parties. Barr v. Resolution Trust Corp., 837 S.W.2d
627, 628 (Tex. 1992); Stewart v. City of Austin, 744 S.W.2d 682, 684-85 (Tex. App.Austin 1988,
writ ref'd). Appellees insist the O'Brians have already litigated fully their current wrongful foreclosure claim
because they moved to have the trial court set aside the sales after the temporary restraining order was
violated. Alternatively, appellees contend that even if the O'Brians did not litigate the wrongful foreclosure
claim in the prior action, res judicata acts as a bar because the cause of action could have been brought
in the prior proceeding.

 The elements of a claim for wrongful foreclosure are (1) an irregularity at the sale (2) which
contributed to an inadequate price. American Savs. & Loan Ass'n v. Musick, 531 S.W.2d 581, 587
(Tex. 1975); Greater Southwest Office Park, Ltd. v. Texas Commerce Bank Nat'l Ass'n, 786 S.W.2d
386, 388 (Tex. App.Houston [1st Dist.] 1990, writ denied). If these elements are proved, the wrongful
foreclosure plaintiff may seek to have the sale set aside. If the plaintiff also proves that because of the illegal
sale title to the property has passed into the hands of a third party or the sale has resulted in an unlawful
interference with the mortgagor's possession of the land, Janes v. CPR Corp., 623 S.W.2d 733, 738
(Tex. App.Houston [1st Dist.] 1981, writ ref'd n.r.e.), he may alternatively seek to recover damages in
the amount of the value of the land at the time of the sale less the amount of the mortgage debt. 
Diversified, Inc. v. Gibraltar Savs. Ass'n, 762 S.W.2d 620, 623 (Tex. App.Houston [14th Dist.] 1988,
writ denied).

 This Court has twice previously stated that the O'Brians' first suit was for injunctive relief
only. We again come to the same conclusion. A foreclosure sale made in violation of an injunction is void
and transfers no title. See Pioneer Bldg. & Loan Ass'n v. Cowan, 123 S.W.2d 726, 729-30 (Tex. Civ.
App.Waco 1938, writ dism'd judgmt cor.); Jackson v. The Praetorians, 83 S.W.2d 740, 741 (Tex.
Civ. App.Dallas 1935, no writ); Lindley v. Easley, 59 S.W.2d 927, 929 (Tex. Civ. App.Eastland
1932, no writ); see also Slaughter v. Qualls, 162 S.W.2d 671, 674 (Tex. 1942) (discussing void and
voidable sales). The remedy for violation of an injunction preventing the sale of land is to set aside the sale. 
See Lindley, 59 S.W.2d at 930 (trespass to try title suit); cf. Ford v. Emerich, 343 S.W.2d 527, 531
(Tex. Civ. App.Houston 1961, writ ref'd n.r.e.) (where trustee's deed is absolutely void, suit at law in
trespass to try title may be maintained to recover land without setting deed aside). The O'Brians' motion
to set aside the sales, which appellees attack, requested the trial court to set aside the sales, hold Harren
and First State Bank in contempt, or impose sanctions on them for violating the temporary restraining order. 
In addition, the O'Brians' motion for new trial following the original summary judgment asserted that the
temporary restraining order was valid and enforceable at the time of the sales and therefore the sales should
be set aside as void. Neither motion asserted that the sale should be set aside because of an irregularity
at the sale that contributed to an inadequate price. Moreover, the O'Brians never amended their pleadings
to include a cause of action to adjudicate title. See Frost v. Mischer, 463 S.W.2d 166, 167-68 (Tex.
1971) (without alleging action in trespass to try title, title to land cannot be determined in suit seeking
injunctive relief only). We believe that the O'Brians sought only to have the trial court enforce its authority
to punish the violation of its order and reinstate the status quo before the violation. Consequently, we hold
that the wrongful foreclosure claim was never raised or actually litigated in the first state-court proceeding.

 We now consider whether, with the use of diligence, the O'Brians could have litigated the
wrongful foreclosure claim in their first suit. Any cause of action the O'Brians may have for wrongful
foreclosure arose on February 7 when their property was sold. At that time, they could have amended their
pleadings to include a claim for wrongful foreclosure; on March 3, however, the trial court dismissed their
cause with prejudice, effectively granting summary judgment against them. The dismissal prevented the
O'Brians from having a reasonable opportunity to amend their pleadings to include a wrongful foreclosure
claim. On appeal, this Court construed the suit as being one for injunctive relief only. Our dismissal of the
entire cause for mootness prevented the O'Brians from ever having an opportunity to amend their pleadings
to include a claim for wrongful foreclosure. We believe the O'Brians' failure to litigate the wrongful
foreclosure claim in their first suit was not through lack of diligence on their part. Accordingly, we hold that
the O'Brian's wrongful foreclosure suit is not barred by res judicata and sustain point of error one.



(ii) Election of Remedies

 Appellees next assert that the election of remedies doctrine bars the present suit because
the O'Brians pursued one of the alternate remedies for wrongful foreclosure (setting aside the sale) to final
judgment. See Cantu v. Bage, 467 S.W.2d 680, 682 (Tex. Civ. AppBeaumont 1971, no writ). In light
of our holding that the O'Brians did not litigate the claim for wrongful foreclosure in their first suit, we also
sustain point of error three.



(iii) Collateral Estoppel

 Finally, appellees argue that the present suit is barred by collateral estoppel because the
bankruptcy court's determination that the property was sold for a "reasonably equivalent value" is
conclusive of the issue of inadequate price in the wrongful foreclosure proceedings. (5) We disagree.

 In BFP v. Resolution Trust Corp., the United States Supreme Court concluded that the
phrase "reasonably equivalent value" in § 548(a)(2)(A), when applied to mortgage foreclosure sales, was
not equivalent to "fair market value" or "fair foreclosure price"; the Court held "that a fair and proper price,
or a `reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure
sale, so long as all the requirements of the State's foreclosure law have been complied with." 511 U.S. 
 , 114 S. Ct. 1757, 128 L. Ed. 2d 556, 569 (1994); see also In re Lindsay, 59 F.3d 942, 949 (9th Cir.
1995). Thus, a determination by a bankruptcy court that the price paid at a foreclosure sale constitutes
a reasonably equivalent value does not necessarily correspond to the elements of a state wrongful
foreclosure claim. For example, upon a finding that state law was complied with, the bankruptcy court will
presume the price was equivalent to the true value of the land sold and, therefore, will not consider whether
the price obtained at the sale was actually "adequate." Thus, a finding of reasonably equivalent value, by
itself, does not show that the bankruptcy court ever considered the "adequacy" of the sale price.

 An examination of the current record gives no indication of the basis on which the
bankruptcy court found "reasonably equivalent value." At best, the record only indicates that the
bankruptcy court found that the fair market value of the Preston Avenue property was $325,000 at the time
of the sales and that First State Bank paid a reasonably equivalent value for the property. Accordingly,
in the absence of a more specific finding by the bankruptcy court regarding First State Bank's compliance
vel non with state law, we cannot determine whether the actual adequacy of the foreclosure price was
litigated by that court. In the absence of such a showing, the doctrine of collateral estoppel does not apply. 
See Getty Oil Co. v. Insurance Co. of N. Am., 845 S.W.2d 794, 801-02 (Tex. 1992) (doctrine of
collateral estoppel precludes relitigation only of ultimate issues of fact actually litigated and essential to
judgment in prior suit), cert. denied, 510 U.S. 820, 114 S. Ct. 76 (1993). We sustain point of error two.



(iv) Harren's Independent Ground

 In addition to the foregoing grounds, which were asserted by First State Bank and adopted
by Harren, Harren's motion stated an additional independent ground for summary judgment: that the
O'Brians failed to allege a cause of action to support the issuance of the temporary restraining order in the
first place. The trial court granted summary judgment on "all grounds" asserted in First State Bank's and
Harren's motions for summary judgment. On appeal, the O'Brians fail to challenge Harren's additional
ground either by point of error or argument. See Number 3-C Oil Co. v. Modesta Partnership, 668
S.W.2d 741, 754 (Tex. App.Austin 1984, writ ref'd n.r.e.). To obtain a reversal, an appellant must
specifically attack every basis for the summary judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d
119, 121 (Tex. 1978); Reese v. Beaumont Bank, N.A., 790 S.W.2d 801, 803-04 (Tex. App.Beaumont
1990, no writ). Accordingly, we cannot reverse the summary judgment in favor of Harren.



CONCLUSION


 Because the O'Brians failed to challenge one of the grounds raised in Harren's motion for
summary judgment, we will affirm the order of the district court as to Harren. Having sustained the
O'Brians' first three points of error, we reverse the judgment of the district court as to First State Bank; we
sever and remand that portion of the cause for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: September 11, 1996

Do Not Publish

1.   Michael and Barbara were married at the time the events leading to this appeal
occurred. They have since divorced.
2.   Section 548 permits avoidance if the trustee or debtor can establish (1) that the debtor
had an interest in property, (2) that a transfer of that interest occurred within one year of the
filing of the bankruptcy petition, (3) that the debtor was insolvent at the time of the transfer or
became insolvent as a result thereof, and (4) that the debtor received "less than a reasonably
equivalent value in exchange for such transfer." 11 U.S.C.A. § 548 (a)(2)(A) (West 1993).
3.   First State Bank asserts that as of June 10, 1991, the principal amount of the debt still
owed was $168,541.10, the accrued and unpaid interest was $39,387.82, and that interest
continues to accrue at the rate of $46.18 per day.
4.   Appellants' brief contained seven points of error. Following oral argument, appellants
withdrew points of error four through seven.
5.   In Texas, mere inadequacy of price is not sufficient to set aside a foreclosure sale. 
American Sav., 531 S.W.2d at 587; Tarrant Savs. Ass'n v. Lucky Homes, Inc., 390 S.W.2d 473,
475 (Tex. 1965); First State Bank v. Keilman, 851 S.W.2d 914, 921 (Tex. App.Austin 1993, writ
denied). There must be some evidence of an irregularity at the sale, however slight, which contributed
to a grossly inadequate price. Pentad Joint Venture v. First Nat'l Bank, 797 S.W.2d 92, 96 (Tex.
App.Austin 1990, writ denied); Resolution Trust Corp. v. Westridge Court Joint Venture, 815
S.W.2d 327, 330 (Tex. App.Houston [1st Dist.] 1991, writ denied); Georgetown Assoc., Ltd. v.
Home Fed. Sav. & Loan Ass'n, 795 S.W.2d 252, 254 (Tex. App.Houston [14th Dist.] 1990, writ
dism'd w.o.j.).


 In the absence of such a showing, the doctrine of collateral estoppel does not apply. 
See Getty Oil Co. v. Insurance Co. of N. Am., 845 S.W.2d 794, 801-02 (Tex. 1992) (doctrine of
collateral estoppel precludes relitigation only of ultimate issues of fact actually litigated and essential to
judgment in prior suit), cert. denied, 510 U.S. 820, 114 S. Ct. 76 (1993). We sustain point of error two.



(iv) Harren's Independent Ground

 In addition to the foregoing grounds, which were asserted by First State Bank and adopted
by Harren, Harren's motion stated an additional independent ground for summary judgment: that the
O'Brians failed to allege a cause of action to support the issuance of the temporary restraining order in the
first place. The trial court granted summary judgment on "all grounds" asserted in First State Bank's and
Harren's motions for summary judgment. On appeal, the O'Brians fail to challenge Harren's additional
ground either by point of error or argument. See Number 3-C Oil Co. v. Modesta Partnership, 668
S.W.2d 741, 754 (Tex. App.Austin 1984, writ ref'd n.r.e.). To obtain a reversal, an appellant must
specifically attack every basis for the summary judgment. Malooly Bros., Inc. v. Napier, 461 S.W.2d
119, 121 (Tex. 1978); Reese v. Beaumont Bank, N.A., 790 S.W.2d 801, 803-04 (Tex. App.Beaumont
1990, no writ). Accordingly, we cannot reverse the summary judgment in favor of Harren.



CONCLUSION


 Because the O'Brians failed to challenge one of the grounds raised in Harren's motion for
summary judgment, we will affirm the order of the district court as to Harren. Having sustained the
O'Brians' first three points of error, we reverse the judgment of the district court as to First State Bank; we
sever and remand that portion of the cause for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed in Part; Reversed and Remanded in Part

Filed: September 11, 1996

Do Not Publish

1.   Michael and Barbara were married at the time the events leading to this appeal
occurred. They have since divorced.
2.   Section 548 permits avoidance if the trustee or debtor can establish (1) that the debtor
had an interest in property, (2) that a transfer of that interest occurred within one year of the
filing of the bankruptcy petition, (3) that the debtor was insolvent at the time of the transfer or
became insolvent as a result thereof, and (4) that the debtor received "less than a reasonably
equivalent value in exchange for such transfer." 11 U.S.C.A. § 548 (a)(2)(A) (West 1993).
3.   First State Bank asserts that as of June 10, 1991, the principal amount of the debt still
owed was $168,541.10, the accrued and unpaid interest was $39,387.82, and that interest
continues to accrue at the rate of $46.18 per day.
4.   Appellants' brief contained seven points of error. Following oral argument, appellants
withdrew points of error four through seven.
5.   In Texa